# JULY TERM, 1871, AT LANSING.

## Norman Johnson v. Charles A. Maxon.

*False imprisonment: Warrant, when not void: Proceedings under fraudulent debtors'*
*act.* In an action of trespass for an alleged false imprisonment, against one
who is charged with having promoted the proceedings as agent of the creditor,
where the arrest was by means of a proceeding under the non-imprisonment
act, if the process was not wholly void the plaintiff cannot recover. If the pro-
cess was irregular, or wrongly or improvidently issued, and yet not absolutely
void, even though sued out through bad or indefensible motives, the imprison-
ment was not false in any sense adequate to support the charge preferred.

*Construction of fraudulent debtors' act: Jurisdiction: Preliminary proof.* A
warrant issued under *Comp. L.*, § *5390*, is not void, provided there be evidence,
however slight, in the affidavit for such warrant, tending to support each of the
statutory requisites. The sufficiency of the evidence will not be inquired into
in a collateral proceeding. The jurisdiction to issue the warrant is made by
the statute to depend upon the proof being satisfactory to the officer to whom
the application for the warrant is made.

*Sufficiency of evidence to support jurisdiction, when attacked collaterally, not open to*
*question.* Where, in such proceeding, the evidence adduced in the affidavits was,
in the opinion of this court, altogether too weak to serve as a ground for a
warrant, and yet its intrinsic character was such as to present a question for
the judgment of the justice upon its weight and conclusiveness, the warrant is
not void, nor the person procuring the arrest liable for false imprisonment. The
jurisdiction to issue such warrant does not depend on the weight of the evi-
dence in the abstract, or on the conflicting opinions of different courts respect-
ing the cogency or conclusiveness of such evidence. A mistake in the decision
of the justice in this regard may involve an error for correction, but his decis-
ion will be unassailable for defect of jurisdiction, and will stand good until
reversed.

*When not essential that complainant be judgment creditor.* It is not essential to the
proceeding under this act, except under the second clause of the section (§ *5390*
*Comp. L.*) in question, that the creditor intended to be defrauded should be
shown to be a judgment creditor.

*Fraud: Tendency of evidence to prove.* This court will not hold that evidence
that, just before the complaint was made to the justice, Maxon had sold and
conveyed his house and lot to one Beach, for six hundred and twenty dollars;
that Beach had paid three hundred and twenty-four dollars in money to Maxon,
and given his note and mortgage to a third person, who had paid Maxon forty-
five dollars in money and two gold watches, valued at two hundred and fifty
dollars; that Maxon had recently been packing up his goods and other property
in trunks and boxes, in a convenient form for removal; that he had stated to
the person making the complaint that he intended to leave Bay City and remove
to the state of New York in a day or two; that the sheriff had searched for
property on which to levy an attachment in favor of such creditor, and when
doing so had informed Maxon that he wished to levy it on one of the gold

23 MICH.—17.

watches before mentioned, and inquired where it was, and Maxon had given
him false information, and had then instantly repaired to the place where it
was and taken it and attached it to his person, and refused to allow it to be
levied on,—had not some slight tendency to prove the fraud necessary to be
imputed to Maxon to justify the issuing of a warrant against him under the
first clause of the section in question.

*Previous levy of attachment does not render warrant void.* The fact that when pro-
ceedings under the non-imprisonment act were commenced, a writ of attach-
ment in favor of the creditor had been levied upon sufficient of the goods and
chattels of the debtor to satisfy the debt, would not render such proceedings
void.

*Act not unconstitutional.* The remedy contemplated by said act is not a criminal
prosecution within the meaning of § 28 of article VI. of the Constitution of this
state, and the act does not, therefore, by providing for conducting the proceed-
ings before a judicial officer, without a jury, violate the provisions of said
section.

*Heard April 5 and 6. Decided July 7.*

Error to Bay Circuit.

The facts are fully stated in the opinion.

*Marston & Hatch,* for plaintiff in error.

The court, in the proceedings against Maxon under the
act for the punishment of fraudulent debtors (*Comp. L.,
Chap. 166*) acquired jurisdiction.

I. There must be facts and circumstances presented to
the magistrate, by the affidavit of the plaintiff or some other
person, sworn to positively, and not merely upon information
and belief.—*Proctor v. Prout, 17 Mich., 473 ; Mosher v.
People, 5 Barb., 575.*

II. Such facts and circumstances must be of that char-
acter as will *tend* to establish one or more of the particulars
required by section 5390, in order to authorize the magis-
trate to issue his warrant.

The Legislature has committed to the justice of the
peace, the duty of determining, judicially, as to the cogency
of the proof submitted to him in the affidavits. If, there-
fore, the facts and circumstances stated in the affidavits
*tend* to establish the grounds of the application, and fairly
call upon the justice for an exercise of his judgment on the

*weight* of the evidence as therein stated, even although the justice errs in his estimate of it, the proceedings would not be void for want of jurisdiction. In other words, *there must be a total want of evidence upon some essential point, in order to prevent the court from acquiring jurisdiction.*— *Connell v. Lasscells*, 20 Wend., 79; *Johnson v. Moss*, 20 Wend., 145; *Matter of Faulkner*, 4 Hill, 598; *Fulton v. Healton*, 1 Barb., 552; *Broadhead v. McConnell*, 3 Barb., 177; *Mosher v. People*, 5 Barb., 575; *Miller v. Brinkerhoff*, 4 Denio, 119; *Staples v. Fairchilds*, 3 Comst., 46; *Van Alstyne v. Erwine*, 1 Kernan, 34; *Hall v. Stryker*, 27 N. Y., 600; *Ex parte Vaughn*, 2 Q. B. (L. R.), 114; *Cicotte v. Morse*, 8 Mich., 428; *Jackson v. The People*, 9 Mich., 120; *Berry v. Lowe*, 10 Mich., 15; *Hyde v. Nelson*, 11 Mich., 357; *Lime v. Roberts*, 15 Mich., 443; *Fisher v. Chandler*, 1 Johns., 505; *Cooley's Const. Lim.*, 407.

III. That the intent of the debtor may be shown by the belief of the creditor or his agent, when the requisite facts and circumstances are positively proved.—*Mosher v. People*, and *Miller v. Brinkerhoff, supra.*

Here was testimony for the justice to weigh. It was colorable; it tended to establish some of the propositions mentioned in the statute. The statute requires the justice to be satisfied. Here was evidence with which he was satisfied.

The court, having had jurisdiction both of the subject-matter and the parties, the judgment it pronounced must be held conclusive and binding, notwithstanding the court may have proceeded irregularly, or erred in its application of the law of the case before it.—*Cooley's Const. Lim.*, 408, and cases cited; *Horton v. Achmoody*, 7 Wend., 202; *Kissock v. Grant*, 34 Barb., 148; *Cooper v. Sunderland*, 3 Clarke (Iowa), 125–6; *Van Steinburgh v. Bigelow*, 3 Wend., 42; *Easton v. Calender*, 11 Wend., 90; *Mitchel v. Hawley*,

JOHNSON v. MAXON.

*4 Denio, 416; Wesson v. Chamberlain, 3 Comst., 332; Clark v. Holmes, 1 Doug., 390–8–9; Butler v. Potter, 17 Johns., 144; Brown v. Crawl, 5 · Wend., 300.*

A party who merely originates a suit by stating his case to a court of justice is not guilty of trespass, though the proceedings should be erroneous or without jurisdiction.— *Cohan v. Morgan, 6 S. & R., 8; Carrait v. Morley, 1 A. & E. (N. S.), 19, 28; Green v. Elgie, 5 A. & E. (N. S.), 100, 113; West v. Smallwood, 3 M. & W., 418; Cooper v. Harding, 7 A. & E. (N. S.), 928, 938; Chivers v. Savage, 5. E. & B., 697; Barker v. Stetson, 7 Gray, 53; Emery v. Hapgood, 7 Gray, 55; Brown v. Chapman, 6 M. & G. L., 365; Van Latham v. Libbey, 38 Barb., 339.*

*Grier & McDonell*, for defendant in error.

1. The affidavits, aside from any considerations growing out of the prior levy, were not sufficient to authorize the issuing of a warrant, and the proceedings are therefore void.

2. The facts positively sworn to in said affidavits had no legal tendency to prove that Maxon had disposed of his property with intent to defraud his creditors, or that he was about to remove his property from the jurisdiction of the court with like intent.—*Procter v. Prout, 17 Mich., 473; 15 Mich., 346; 2 Cow. and Hill's Notes, 182; 17 Barb., 179; Van Latham v. Libbey, 38 Barb., 347; Vredenburg v. Hendricks, 17 Barb., 179; 1 Cow. Treat. (3d ed.), 445; Hyer v. Ayers, 2 E. D. Smith, 211; Clement v. Dudley, 42 N. H., 367; 1 E. D. Smith, 372; Prosser v. Secor, 5 Barb., 6, 7; Cable v. Cooper, 15 Johns., 156; Brittain v. Kinnaird, 1 Brod. & Bing., 432; People v. Kelley, 35 Barb., 444.*

3. Sufficient personal property having been levied upon, the claim in judgment of law was paid, as long as it was in force, and the arrest was void for the same reason, and with like effect as if made on a paid judgment.—*Farmers*

*and Mechanics' Bank v. Kingsbury, 2 Doug., 379 ; Starr & Smith v. Taylor, 3 McLean, 542 ; Starr & Smith v. Moore, ib., 354 ; Almy v. Wolcott, 13 Mass., 73 ; Brinley v. Allen, 3 Mass., 561 ; Trafton v. Gardner, 39 Maine, 501 ; Bryon v. Bridge, 10 Texas, 149 ; Barret v. Thompson, 5 Ind., 447 ; 2 Cow. Treat. (3d ed.), 544.*

4. But a levy having been made upon property, no further proceeding could be taken to enforce the claim while the levy was in force, whether the levy was sufficient or not, and the arrest was therefore void.—*Scott v. Crane, 1 Conn., 259 ; Almy v. Wolcott, 13 Mass., 74 ; Brinley v. Allen, 13 Mass., 561 ; Miller v. Miller, 25 Maine, 112 ; Trafton v. Gardner, 39 Maine, 501 ; Miller v. Powell, 6 Taunt., 369 ; Starr & Smith v. King, 3 McLean, 542 ; Green v. Burke, 23 Wend., 490 ; Vandenburgh v. Basset, 4 Minn., 242 ; Faris v. Commonwealth, 3 B. Munroe, 79 ; Bank v. Beale, 7 Bosw. (N. Y.), 611 ; Hamilton v. Bredeman, 12 Rich. Law (S. C.), 464.*

GRAVES, J.

Maxon prosecuted Johnson in the court below for an alleged false imprisonment, and the latter sought to defend himself by showing that the imputed trespass consisted of an arrest and imprisonment by means of a proceeding under the non-imprisonment act. The court excluded the defense, on the ground that the proceedings in question were absolutely void. The arguments from the bar before us were quite elaborate, and directed to several points which we need not consider. According to the view taken, the case may be decided upon one general ground, and the judgment formed upon that naturally excludes several topics which were assumed in the argument as pertinent to the controversy. It is very material to confine our survey to the nature and form of the remedy chosen by the plaintiff

below, and the substance of the issue presented, because, unless this is done, the essential and true point may be obscured by extraneous matters, or by such as have only an incidental bearing upon the case. The suit was not for malicious arrest or malicious prosecution, nor for a malicious conviction, nor for an abuse of process. The remedy selected by Maxon was trespass, and the party sought to be charged was not the magistrate who officiated in the non-imprisonment proceedings, but a person alleged to have promoted those proceedings as an agent of the creditor. The ground, and the only ground, for the action was that the plaintiff was imprisoned under color of process claimed by him to be void, and which the defendant insisted was not void, and the fundamental question litigated was whether the justice acted with or without any jurisdiction. If the process was irregular, or wrongly or improvidently issued, if it was sued out through bad or indefensible motives, and yet was not absolutely void, the imprisonment was not false in any sense adequate to support the charge preferred. If it was wholly void, and yet was obtained or allowed in perfect good faith and without any wrong motive, not only Johnson, if sufficiently connected with the proceeding, but the magistrate also was liable. The right to maintain trespass in the form here adopted on the theory that the justice had no jurisdiction, was as perfect against the latter as against Johnson. If the proceeding was adequate to protect the magistrate against an action of trespass in this form, it was sufficient to protect the defendant.

The leading objection made by Maxon to the proceeding was not that process of the kind employed was in no case within the jurisdiction of the justice, or not within his jurisdiction in proceedings under the non-imprisonment act, nor was it that any particular fact as a ground of process was wholly unproved. But it was

that the matters laid before the justice as evidence to authorize a warrant not only did not make out a *prima facie* case, but had no legal tendency to prove what the statute required. In passing upon this objection it will not only be necessary to recur to the evidence laid before the justice, but to confine the inquiry to such evidence. For on this point the nature of the specific issue excludes any consideration of facts which Johnson or the justice may have otherwise known, or which Maxon may have been able to prove. And it may be further observed in this connection, for the purpose of making the point as clear as practicable, and relieving it of matters which have no legal influence upon it, that, so far as appears, the acts complained of by Maxon occurred while the proceedings before the justice had all the force which his decision in their favor could give them, and that no evidence was admitted in the court below that any of such proceedings had subsequently been set aside or annulled. But if the defendant in error had proved that a commissioner or the circuit court, on *habeas corpus,* or some inferior tribunal, in a collateral inquiry, had decided against the jurisdiction of the justice, we should not be concluded thereby on this writ of error.

Having attempted to explain the general nature and limits of the present question, we may proceed to a more particular examination. As already intimated, the plaintiff below assumed by his action, and claimed on the argument, that the proceedings before the justice were not merely voidable, but absolutely void for inadequacy of proof, and in order to support this position he was compelled to argue in substance that we must hold these proceedings void, unless it should *appear to us* that the evidence not only *tended* to make out a case but certainly *established a prima facie one.* The character of this proposition naturally directs us to the statute itself, to see if we can gather from thence

the sense of the legislature on the subject. By § 5390, Comp. L., the warrant is not to issue unless "satisfactory evidence" is adduced to the officer, of certain prescribed particulars which are intended as the groundwork of the proceeding. By the next section it is provided that "upon such proof being made to the satisfaction of the officer to whom the application shall be made, he shall issue a warrant." When, therefore, this "satisfactory evidence" is made, the law gives the right to the process and makes it the duty of the officer to issue it. But this is not all; it is fairly inferable from the terms of the act that the sufficiency of the evidence, when not wholly wanting in regard to any material fact, is, as to the point of jurisdiction, for the officer applied to. While evidence by the affidavit of the creditor or of some other person or persons is to be adduced to support each of the statutory requisites to endow the officer with jurisdiction, the "proof," or extent of the effect, or conclusiveness of the evidence, is to be such as to satisfy the officer. In this respect the legislature seem to have chosen the words with a cautious regard to the duty and responsibility they meant to cast upon the officer. Assuming that he would act in good faith and without malice, and would require evidence to support every required fact before awarding process, the law does not make his jurisdiction depend upon the weight of the evidence in the abstract, or on the conflicting opinions of different courts or magistrates respecting the cogency or conclusiveness of such evidence. The jurisdiction is to vest, if the "proof" is satisfactory to him. He is not required to exercise his judgment upon the sufficiency of the evidence when no point is without any, at the peril of being made liable as a trespasser if he happens to be mistaken. His decision may involve an error to be corrected and still be unassailable for defect of jurisdiction. The correct

rule in this class of cases was clearly stated by Bronson, Ch. J., in *Miller v. Brinkerhoff, 4 Denio, 118,* and reasserted in *Staples v. Fairchild, 3 Comstock, 41,* by Jewett, Ch. J. Judge Bronson said: " When certain facts are to be proved to a court of special and limited jurisdiction, as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void in whatever form the question may arise. This is sufficiently established by the cases cited at the bar, as well as by many others to be found in the books. But when the proof has a legal tendency to make out a proper case in all its parts for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose. In one case the court acts without authority; in the other, it only errs in judgment upon a question properly before it for adjudication.—*Matter of Faulkner, 4 Hill, 598; Harman v. Brotherson, 1 Denio, 537; Vosburgh v. Welch, 11 Johns., 175; Tallman v. Bigelow, 10 Wend., 420.* In one case there is a defect of jurisdiction; in the other, there is only an error of judgment. Want of jurisdiction makes the act void; but a mistake concerning the just weight and importance of evidence only makes the act erroneous, and it will stand good until reversed."

The rule thus laid down is replete with good sense and conformable to justice. But the doctrine contended for by defendant in error would make the law a snare to magistrates and suitors and tend to subvert the remedy. As a matter of propriety and prudence, all magistrates ought to require, in cases of this description, very clear and cogent evidence; but their jurisdiction cannot depend upon the view which other officers of equal or higher grade may take of "the just weight and importance" of the evidence. If, therefore, in the present instance, the evidence laid

23 MICH.—18.

before the justice had a legal tendency to make out a case
in all its parts, then, however weak and inconclusive that
evidence was in our opinion or in that of the circuit court,
the latter was not at liberty, in this case, to review it and
convert the acts of Johnson into trespasses, solely upon a
conclusion that the justice ought not to have been satisfied
with the showing.

It was suggested upon the argument, but not much
pressed, that the creditors intended to be defrauded should
have been shown to be judgment creditors. But it is plain
from the nature of the remedy and the framework of the
act that the proceeding was intended· to be available when
there should be no judgment creditors at all. The first
clause of § *5390* gives the remedy when the defendant is
about to remove any of his property out of the jurisdiction
of the court in which the suit is brought with intent to
defraud his *creditor* or creditors; the third, when he has
assigned, removed or disposed of, or is about to dispose of,
any of his property, with the intent to defraud his *cred-
itor* or creditors ; and the fourth, when he fraudulently
contracted the debt or incurred the obligation then in suit.

These clauses thus imply clearly that the proceeding
is appropriate under either of them when there is but *one*
creditor, and when he has proceeded no further towards a
judicial liquidation of his claim than the commencement of
a suit. The second clause, however, makes special provis-
ion for a class of cases where demands have passed into
judgments or ·decrees, and in those the unjust refusal to
apply money, etc., in payment, is declared a ground for
proceeding. The exceptional and peculiar character of this
provision affords a strong presumption in favor of the infer-
ence drawn from the terms of the other clauses; and other
portions of the act, and especially § *5396* and the two fol-
lowing sections, favor the same view. The conclusion is,

therefore, warranted that the creditor intended to be defrauded need not appear to be a creditor by judgment or decree, when the complaint is based on any of the clauses first quoted.

Having attempted to elucidate the real question involved in this branch of the case, we may proceed to a direct examination of the evidence laid before the justice as a ground for the arrest. That evidence was contained in the affidavits of Johnson and the sheriff, and was intended to establish a case under the first and third clauses of the statute. It will suffice to consider it in its application to the requirements of the first clause. Because, if the showing was such as to confer jurisdiction under that, a failure under another would not militate against Johnson's defense. The existence of a demand by White against Maxon upon contract, and the pendency of a suit thereon at White's instance, before the justice applied to for the warrant, were positively affirmed by plaintiff in error, and the position of Maxon assumes that these facts were shown. The affidavits also showed that such suit was commenced by attachment which was in the hands of the sheriff for service; that, just before the complaint was made to the justice, Maxon had sold and conveyed his house and lot to one Beach, for six hundred and twenty dollars; that Beach had paid three hundred and twenty-four dollars in money to Maxon, and given his note and mortgage to a third person, namely, one Alexander M. Johnson, who had paid Maxon forty-five dollars in money and two gold watches, valued at two hundred and fifty dollars, making in property and money received by Maxon for his house and lot, six hundred and nineteen dollars; that Maxon had also then recently been packing up his goods and other personal property in trunks and boxes in a convenient form for removal; that he had stated to the plaintiff in error, that

he intended to leave Bay City and remove to the state of New York, in a day or two; that the sheriff had searched for property on which to levy the attachment, and when doing so informed Maxon that he wished to levy it on one of the gold watches before mentioned, and inquired where it was, when Maxon gave him false information and then instantly repaired to the place where it was and took it and attached it to his person, and refused to allow it to be levied on.

These circumstances were certainly relevant to prove, and, unexplained and uncontradicted, had a very strong tendency to prove, the main facts in the case, except one to be noticed presently. They certainly conduced to show that Maxon was about to remove beyond the jurisdiction, and carry with him all the property apparently belonging to him. The plaintiff in error testified that he believed such removal was intended by Maxon to defraud White. This intent of Maxon was a circumstance incapable, from its nature, of being sworn to positively by a third person, and hence the legislature could not have intended to require positive proof. If the fact thus asserted on belief, and properly asserted in that form, actually existed, it was provable by facts and circumstances; and the facts and circumstances positively sworn to were in the proper line of proof to show that the belief of the plaintiff in error was well founded. When combined, did they furnish any evidence however "slight and inconclusive" that the intent imputed to Maxon actually existed? This question is not to be settled by metaphysical refinements, or conjectures or suppositions, or by imagining the existence of other facts not appearing. Its solution may depend on the natural force and efficacy of the facts in generating a belief as a consequence of those connections which are shown by experience, irrespective of any legal relation. Now, Maxon

must have had some purpose in making the change in his affairs shown by the affidavits. Was that purpose wholly unconnected with White's attempted enforcement of his demand? In preparing to go to New York, in converting his real estate into a form of personal property most convenient to avoid Michigan creditors, in packing up, and in preserving his watch from levy by falsehood and deception, did Maxon furnish no tangible, and visible evidence of an internal purpose to place his property beyond the jurisdiction in order to defeat White's effort to make collection? Do the combined incidents stated in the affidavits, with the just and reasonable inferences from them, incline the mind to an opinion that Maxon meant to elude the subjection of his property to White's debt? These inquiries seem to admit of but one answer. The moral connection which is shown by experience and observation to exist between acts and motives compels the understanding to regard Maxon's behavior as tending to show the design charged upon him. The intrinsic character of the evidence was, therefore, such as to present a question for the judgment of the justice upon the weight and conclusiveness of the evidence, and, as a consequence to invest the magistrate with jurisdiction. But while this is so we cannot avoid adding that the case made before the justice was, in our opinion, altogether too weak to serve as a ground for a warrant.

It remains to notice two other objections of defendant in error to the proceedings under the non-imprisonment act. The first is based upon the circumstance that when those proceedings were commenced, White's attachment had been levied upon what is claimed to have been sufficient of Maxon's goods and chattels to satisfy the debt; and it is insisted that this fact, of its own force, rendered the proceedings void, and may consequently be shown in this action to deprive them of all efficacy as a shield of defense for Johnson.

This position was sought to be supported on the hearing by an argument drawn from the rule which invalidates executions upon judgments which have been paid and when the debtor has been discharged in bankruptcy, and likewise where, as is not the case here, the judgment or principal proceeding has been set aside or annulled. But the assumed analogy will not hold. In all these instances the given consequence is inevitable, since the act which produced it operates directly, certainly and conclusively, and forces a determinate result. Payment or legal discharge is a final definite fact which speaks for itself, and necessarily involves a deprivation of jurisdiction as to any further process to enforce the judgment. And where an actor, under proceedings which will protect him while they stand, is made liable to false imprisonment after the proceedings are set aside or annulled by an order or judgment which must be respected when collaterally in question, he becomes exposed to the liability as a consequence of the retrospective operation of the latter order or judgment, whereby it reaches back and in legal effect annihilates the proceedings and inclusively destroys their protective power. In each of these instances, the substantive fact itself being proved or admitted, the consequence is definitely ascertained, and all chance for alternative or variable results completely excluded. A levy, however, at most, is merely a step towards the satisfaction of the demand, is equivocal in its consequences, and may, as it often does, on many and obvious grounds, prove wholly abortive. And it cannot be allowed the same effect upon the point of jurisdiction as obtains in the cases suggested, without ascribing to it an inherent, final and determinate force and operation, which are foreign to its nature and import.

There is surely much reason for contending, that while a valid levy subsists on sufficient personal property, it is irreg-

ular to commence proceedings under this statute, and that a party proceeded against in both ways simultaneously may allege the same for error. But the jurisdiction ought not to be assailed in an indirect manner on this ground, through the medium of an action for false imprisonment like the present.

The only case brought to our attention bearing directly on this point, is that of the *Commonwealth v. O'Hara*, in a district court in Pennsylvania.—*Law Register for Oct., 1867, p. 765*. But there the respondent raised the question in the course of the proceedings before the judge who issued the warrant, and the ruling referred to was directly made in the same case. There were two objections; one founded on the bankrupt act, and the other on the fact established by the respondent, that a levy on his personal property was pending when the proceedings were commenced. The judge decided that both objections were well taken, and in stating his opinion on the last, he said that the warrant was not *regularly* issued and could not be enforced pending the levy; but he did not intimate that his process was absolutely void.

The last question which we need consider, is upon the objection of defendant in error, that the act referred to is unconstitutional. In support of this objection, it is said that the remedy contemplated is a criminal prosecution within the meaning of § *28 of Article VI. of the Constitution,* and being required to be carried on before a judicial officer without a jury, the statute is void.

This proposition is believed to be wholly untenable. It is true that in *Bromley v. The People, 7 Mich., 472,* this court, as then constituted, was equally divided in opinion as to whether a proceeding under the act belonged to the domain of civil or criminal remedies, and two members of the court thought it was of a punitory or quasi-criminal

character, of the same grade or class as proceedings for contempt. The present point was not involved or referred to. The opinion which maintained this view was delivered by my brother Campbell, and it in no manner countenanced the idea that the proceeding was criminal in any such sense as to make the intervention of a jury necessary. On the contrary, in classing it with the statutory methods in this state and New York, for prosecuting contempts, which have never embraced or been considered as requiring a jury trial, he impliedly excluded the notion that such a trial would be essential. Whatever may be the correct rule upon the point debated in *Bromley v. The People*, there is nothing in either of the opinions there given, which lends any support to the position of defendant in error, and no authority is recollected which favors it.

The final result is, that the non-imprisonment act is not impugned by the Constitution, as claimed, and that the proceedings before the justice were not void for want of jurisdiction, as urged on behalf of defendant in error, and, therefore, that they were legally admissible upon the trial as a ground of defense by Johnson to the cause of action set up against him, and, consequently, that the judgment of the circuit court ought to be reversed with costs and a new trial ordered.

The other Justices concurred.