Adopted.

---

## R. U. HUBBARD vs. GEORGE LORD.

SUPREME COURT, AUSTIN TERM, 1883.

*Malicious Prosecution—Jurisdiction.*—In a suit for malicious prosecution, jurisdiction obtains in the county where the preliminary steps, including the issuance of the warrant, had been taken, and not in another county where the arrest was made.

Appeal from Wilson County.

Appellant, who resides in Wilson county, sued appellee, who resides in DeWitt county, Texas, for a malicious prosecution, claiming $10,000 damages and alleging, in substance, that defendant made three several complaints in writing before the county attorney of DeWitt county, charging plaintiff and others with theft of cattle in Gonzales county, and causing a warrant to be issued on said complaints by a justice of the peace of DeWitt, by virtue of which plaintiff was arrested at his home in Wilson county and placed under bond to appear before the county judge of Gonzales county; that plaintiff appeared before said county judge, and was referred to a justice of the peace of said Gonzales county, to whom said warrant had been returned; that no testimony appearing against plaintiff, said complaints had been dismissed and said prosecution ended; and that said prosecution was malicious and without probable cause. Defendant plead to the jurisdiction of the court, alleging that he resided in DeWitt and was not liable to be sued in Wilson county, with other general and special exceptions to the petition, and for answer plead the general denial and want of proper parties.

The court sustained the demurrer and plea to the jurisdiction and dismissed the cause.

The plaintiff excepted to the judgment and appealed.

There are two assignments of error, as follows .

1st. "The court erred in sustaining defendant's plea of privilege to the jurisdiction and dismissing plaintiff's suit."

2d. "The court erred in sustaining defendant's demurrers and exceptions to plaintiff's petition and rendering judgment for defendant."

Opinion by Willie, C. J.

The only question in this case arises upon the ruling below sustaining the appellee's special exception to the jurisdiction of the court. It appeared from the face of the petition that Lord was a citizen of DeWitt county; that the prosecution against appellant for theft was instituted there, but that the arrest under the charge occurred in Wilson county, where this suit was commenced. It is urged that the case comes within the 8th exception to Art. 1198 of the Revised Statutes. That exception provides that when the foundation of the suit is some crime or offense or trespass for which a civil action in damages may lie, suit may be brought in the county where such crime, offense or trespass was committed.

By Art. 273 of our Criminal Code, it is made an offense to institute a criminal prosecution against any person for the purpose of vexing, harrassing or injuring him.

The offense consists in instituting the prosecution, or causing it to be instituted. In this case the criminal prosecution was commenced or instituted by making the affidavits before the district attorney and having the process issued by a justice of the peace, all of which was done in DeWitt county. The arrest in Wilson county was not the institution of the prosecution, and hence the offense was not committed by making it, but was complete when the preliminary steps, including the issuance of the warrant, had been taken.

By Art. 225 of the Code of Criminal Procedure, it is provided that in all cases except those enumerated in previous articles of Chapter 2, the proper counties for the prosecution of an offense is that in which it was committed.

Malicious prosecution is not mentioned in any of those articles as one of the offenses excepted from the general rule.

The proceedings constituting the offense having been instituted in DeWitt county, the county of Wilson could not derive jurisdiction by reason of the subsequent arrest of appellant in that county, un-

less that act in itself was a trespass for which a civil action for damages would lie. The distinction between an arrest by an officer under a warrant legally issued and coming to his hands in a lawful manner, and one made without warrant or under process from a court having no authority to issue it, is clearly drawn. Under the former he can commit no trespass by executing it according to its command. If he arrests the person he is ordered by it to arrest, he is fully protected and no action for trespass lies against him for the discharge of his duty. Blalock vs. Randall, 76 Ill., 224; Rhodes vs. King, 52 Ala., 272; West vs. Smallwood, 3 M. & W., 418; Von Latham vs. Libby, 38 Barb., 329.

If on the contrary, he seizes the person of another without warrant, or with one palpably illegal, or issued without the authority of law, he commits a trespass for which he and his abettors are liable in damages. Tolis vs. Lansing, 9 Johns, 395; Bernham vs. Sterns, 33 N. H., 247; Wills vs. Whitten, 45 Me., 544.

Hence the distinction at common law between the action for false imprisonment, and that for malicious prosecution.

The former was a suit for trespass and the latter an action upon the case. See Blalock vs. Randall, supra. The first could be maintained only when the arrest was made without legal process; and the latter when the process of the law had been perverted and improperly used without probable cause and for a malicious purpose. Coupol vs. Ward, 106 Mass., 289; Johnson vs. Maxon, 23 Mich., 129; Waterman on Trespass §293. The injured party could recover damages for the wrong done him, but he must proceed in a different way against different parties, and make different allegations in the one case from what he did in the other.

In malicious prosecution, the officer issuing the process or making the arrest under it, incurred no liability; the whole responsibility was upon the party procuring it. In false imprisonment, the arresting officer, and the party inducing the arrest, and the magistrate assuming to issue the unauthorized warrant were all liable as joint trespassers.

In the former malice and want of probable cause must be alleged; in the latter neither was a necessary averment, but probable cause could be pleaded in mitigation of damages. Waterman on Trespass, pp. 346, 347, 348. We have abolished all common law forms

of actions, but the principles upon which these distinctions rest are as applicable to our system as to any other.

When the arrest is without authority, we may proceed here as upon the same allegations and against the same parties as at common law in the action of false imprisonment.

Where the arrest is under lawful process we must proceed alone against the party who sued it out, and must allege malice and want of probable cause.

The underlying principle is that in the one case a trespass is committed and in the other it is not.

In this case the arrest was made by a lawful officer, upon proper process issued by a magistrate having jurisdiction so to do.

The officer committed no trespass in executing it, and the party suing it out was alone liable, and that only in the event that he proceeded maliciously without probable cause. This was the nature of the proceeding had against Lord by the appellant, and his allegations showed no act committed by him which amounted to a trespass in law, and the suit was not properly commenced in the county where the arrest was made, and the demurrer to the jurisdiction was correctly sustained. The judgment is affirmed.