[Filed April 11, 1889.]

GEORGE FORSTER, Respondent, v. SAMUEL ORR, Appellant.

MALICIOUS PROSECUTION — COMPLAINT FOR — MUST SHOW TERMINATION OF PROSECUTION. — An action for malicious prosecution, where the court in which the prosecution occurred had jurisdiction of the subject-matter and of the person, cannot be maintained unless the prosecution has been terminated by the acquittal of the plaintiff in the action. The principle which requires the prosecution to have been terminated favorably to the plaintiff before he can maintain an action therefor is, that while the prosecution is pending undetermined, or when it has been determined adversely to the plaintiff in the action, the want of probable cause therefor cannot be shown in a collateral suit. The proceedings in the prosecution are evidence of their own rectitude until set aside in the due course thereof.

MALICIOUS PROSECUTION AND FALSE IMPRISONMENT DISTINGUISHED. — The same principle which is applicable to actions for malicious prosecution applies also to actions for malicious arrest issued in a civil action; hence where F. commenced an action against O. for having falsely and maliciously, and without any reasonable or probable cause therefor, procured a writ of arrest to be issued in an action brought by O. against F., whereby

the latter was arrested and imprisoned, and the proceedings were regular on their face: *held*, that the failure of the complaint to show that the writ of arrest had been vacated or set aside by the court in the action in which it was issued was a fatal defect, and that the complaint was insufficient to sustain a recovery had thereon. *Held further*, that an allegation in the answer, to the effect that the plaintiff, after being arrested upon the writ of arrest, paid the defendant's demand on account of which he was arrested, and the disbursements of the proceedings against him did not aid the complaint in respect to such defect, but on the contrary, showed that the arrest was acquiesced in by the plaintiff. And the plaintiff not having denied in his reply the said allegation in the answer, *held*, that under the pleadings he had no cause of action.

APPEAL from a judgment of the Circuit Court for the county of Polk.

*N. L. Butler* and *Warren Truitt*, for Respondent.

*J. J. Daly*, for Appellant.

THAYER, C. J.—The respondents commenced an action in the said circuit court against the appellant for a malicious arrest. He alleged in his complaint, in substance, that on the second day of October, 1888, in a civil action begun by appellant against respondent in said circuit court, appellant, in order to procure the arrest and imprisonment of respondent, falsely and maliciously, and without any reasonable or probable cause therefor, duly made and filed his affidavit, duly verified by him, together with the undertaking required by law, in which affidavit he falsely and fraudulently, and without probable cause, alleged and charged that he believed the respondent had disposed of all his property with intent to defraud him, appellant; that said appellant, on or about said second day of October, 1888, willfully and without probable or any cause procured and caused a writ of arrest to be issued for the arrest of respondent, and thereby caused him to be arrested in said county of Polk by the sheriff of said county, and to be kept and detained a prisoner by the said

sheriff for the time of more than          hours, etc., setting
out the circumstances of the injury resulting therefrom,
and alleging damages in the sum of two thousand dollars.
The appellant filed an answer to the said complaint, in
which he denied all the material allegations therein con-
tained; and set forth as a further defense, among other
things, the following: that on the second day of October,
1888, the appellant commenced an action in said circuit
court against the respondent for the sum of one thousand
dollars, then due from the respondent to the appellant for
rent of certain premises, and thereupon filed his affidavit
therein for a writ of arrest against the respondent, and
procured his arrest in said action; that respondent, after
being arrested, and after consultation with counsel in
regard to the matter, paid the appellant's demand against
him on account of which he was arrested, and the dis-
bursements of the proceedings against him accrued in
said cause and upon said arrest, and asked that he be re-
leased from custody, and that all further proceedings
against him be discontinued. Whereupon, by order of
the attorney for the appellant, the respondent was released
from custody, and said action against him and all further
proceedings therein were discontinued. The respondent
filed a reply to the new matter contained in the answer,
denying the same excepting the matter the substance of
which is above set out. The cause was tried by jury, who
returned a verdict for the respondent for $490, and upon
which the judgment appealed from was entered. A bill
of exceptions sent here with the transcript contains the
instructions of the court to the jury, which are mentioned
in the opinion.

The appellant's counsel herein contends that the com-
plaint in the action does not state facts sufficient to con-
stitute a cause of action; that it does not contain an
allegation that the proceedings under which the arrest

XVII. OR.—29

was made had been terminated in favor of the respondent, and that the court erred in giving certain instructions to the jury, set out in the bill of exceptions herein. The rule that the complaint in such an action must show that the prosecution complained of had been terminated by the acquittal of the plaintiff has always prevailed. That it is a necessary rule, every one, by a moment's reflection, will fully appreciate. Proceedings in courts which have jurisdiction of the person and the subject-matter must be shielded from collateral attacks, or else they would have no binding force. Hence, when such a proceeding has been regularly taken against a party and sustained by the court in which it is had, it is conclusively presumed, when collaterally assailed, to have been regular and valid, however erroneous it may be in fact. This is a fundamental principle of law which is highly essential to the stability of rights acquired under judicial adjudications. If the rule was otherwise, the judgment of courts would have no efficacy, as they would be subject to impeachment whenever an attempt was made to enforce them, and would leave disputes between parties forever unsettled. It will be seen, therefore, that the rule was not established by arbitrary dictation, but is a part of a sound and wholesome policy. The reference here made to actions for malicious prosecution should be understood as applying only to those actions where the prosecution was regular in form, and the court had jurisdiction therein. In a case where the proceedings in a prosecution are so irregular and defective that the court does not acquire jurisdiction, and the plaintiff is imprisoned under them, an action for malicious prosecution might lie without showing an acquittal of the plaintiff; but in such case the action would more properly be an action for false imprisonment. The latter action is trespass, while the former one is case. Arresting a party

upon a void process is a direct injury, and the plaintiff may count upon assault and false imprisonment, and may recover damages therefor without alleging that the proceeding was terminated. But not so where the arrest is made under a proceeding which is only voidable; there the injury is not direct: it is merely consequential. It consists in making a false and malicious charge against the plaintiff without any reasonable or probable cause therefor, and whereby he was arrested and imprisoned. The proceeding can only be avoided by a direct attack, and until set aside, affords complete protection to all persons connected with it. Its validity cannot be questioned in a collateral suit. It was claimed by the respondent's counsel upon the argument that there was a distinction between a malicious arrest in a civil action and a malicious prosecution; but I am unable to discover any principle that will admit of any distinction which would benefit the respondent on this appeal. A writ of arrest regularly sued out, although procured upon a false affidavit, and maliciously, and without any reasonable or probable cause, must be deemed valid in a collateral action, unless set aside by the court in the original action. A writ of arrest, and proceedings connected therewith, if good upon their face, however unwarranted in fact, stand upon the same footing as an erroneous judgment. The writ is liable to be set aside upon motion, by proof that the affidavit upon which it was issued is false, and the judgment to be reversed upon appeal; but until so set aside or reversed, neither can be assailed collaterally. The rule laid down in *Searlle* v. *McCracken*, 16 How. Pr. 262, by Mr. Justice Clerke, in a special-term decision, regarding the sufficiency of a complaint in such a case, is, it seems to me, the correct one.

The learned justice there says: "The complaint does not state that the order of arrest, which it alleges the

defendant maliciously and falsely obtained against the plaintiff in another action, had been vacated, or that judgment had been rendered for the defendant therein. If the order was a nullity *ab initio,* and could afford no justification, these allegations would be unnecessary. But the order set forth in this complaint is clearly not void. If at all defective, and issued on a false affidavit, it is only voidable, and this must be determined by competent authority, before an action can be sustained against the persons who procured it."

In *Ferguson* v. *Tobey,* 1 Wash. 275, the same doctrine was adhered to; and there is no doubt in my mind but that it is sound. The respondent's counsel have suggested that the appellant's answer to the complaint in the action discloses the fact that the proceedings upon the writ of arrest were terminated before the action was commenced, and that such disclosure cures the defect in the complaint in that particular. The part of the answer referred to by said counsel is the portion set out in the statement herein, to the effect that the respondent, after being arrested, paid the appellant's demand against him on account of which he was arrested, and the disbursements of the proceedings against him accrued in said cause and upon said arrest. That fact does not certainly aid the complaint in respect to the said defect. It not only shows that the writ of arrest was not set aside, but that it was acquiesced in by the respondent; and under the view herein taken, it is conclusive evidence of its own rectitude. The attack upon its validity is made in a collateral action, and I do not see how it can possibly be sustained without overturning a highly important fundamental principle of law. Nor do I see how the respondent, under the facts shown by the pleadings, can be entitled to a judgment in the action. In view of this conclusion,

it is unnecssary to consider any of the other questions which have been presented in the case.

The judgment appealed from must be reversed, the cause remanded to the said circuit court, with directions to dismiss the complaint.