## WARWICK v. FIRST STATE BANK OF TEMPLE. (No. 7787.)

Court of Civil Appeals of Texas. San Antonio. May 25, 1927.

1. **Malicious prosecution** ⟬⟭**26—Arrest under lawful writ would not render corporation procuring it without malice liable for damages.**

No cause of action being justified against sheriff for lawfully executing lawful writ, an arrest thereunder would not render corporation procuring it liable for damages, in absence of malice.

2. **False imprisonment** ⟬⟭**3—Malicious prosecution and false imprisonment constitute separate and distinct causes of action (Pen. Code 1925, arts. 1169, 1298).**

Under Pen. Code 1925, arts. 1169, 1298, malicious prosecution and false imprisonment constitute separate and distinct causes of action, though all common-law forms of action have been abolished.

3. **Venue** ⟬⟭**17—One suing corporation for malicious prosecution admits that it can be guilty of crime, offense, or trespass within exception in venue statute (Rev. St. 1925, art. 1995, exception 9).**

One suing private corporation for malicious prosecution admits that such corporation can

be guilty of crime, offense, or trespass within Rev. St. 1925, art. 1995, exception 9, as to venue of suits based thereon.

**4. Corporations ⬦493, 526—Private corporation can be guilty of crime, offense, or trespass.**

A private corporation can be guilty of a crime, offense or trespass.

**5. Corporations ⬦503(1)—Suit against private corporation for malicious prosecution must be brought in county where tort was committed or defendant has domicile (Rev. St. 1925, art. 1995, exceptions 9, 23, 30).**

Under Rev. St. 1925, art. 1995, exception 30, suit against private corporation for malicious prosecution must be commenced in county where tort was committed or defendant has its domicile, as provided by exception 9; not in county in which cause of action or part thereof arose under exception 23.

**6. Corporations ⬦503(2)—Exceptions in venue statute held not conflicting as respects venue of suit against private corporation for malicious prosecution of one arrested outside county in which prosecution was initiated (Rev. St. 1925, art. 1995, exceptions 9, 30).**

Rev. St. 1925, art. 1995, exception 30, requiring suits to be commenced in county in which jurisdiction is expressly given, *held* not in conflict with exception 9, authorizing suit, based on crime, offense, or trespass, in county wherein committed, as respects venue of suit against private corporation for malicious prosecution of one arrested in another county than that in which prosecution was initiated; arrest being mere incident thereof.

**7. Malicious prosecution ⬦62—Arrest may be proved merely in aggravation of malicious prosecution and to increase damages.**

Arrest of plaintiff may be proved merely in aggravation of offense of malicious prosecution and to increase damages arising therefrom.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by V. V. Warwick, Jr., against the First State Bank of Temple. From an order changing the venue, plaintiff appeals. Affirmed.

Harold K. Stanard and Birkhead, Lang & Beckman, all of San Antonio, for appellant.

Few Brewster, of Temple, for appellee.

FLY, C. J. Appellant sought to recover damages against appellee, a banking corporation, having its main office and principal place of business in Temple, Bell county, Tex., alleged to have arisen on account of a criminal prosecution against appellant brought by appellee in Bell county, through an affidavit made by E. E. Black, cashier of said bank, before a justice of the peace in said Bell county. It was alleged that, "as a direct result of the making of said wrongful and false complaint, a warrant was issued at the instance of defendant, and the same was sent, by the authorities in Bell county, Tex., to the sheriff at San Antonio, Bexar county, Tex." Appellee filed its plea of privilege to be sued in Bell county, which was sustained by the trial judge, and from the order changing the venue of the cause this appeal has been perfected.

It is insisted by appellant that this cause was instituted and the venue fixed in Bexar county by the terms of exception 23, under article 1995, Statutes of 1925, which provides: "Suits against a private corporation, association or joint-stock company may be brought in any county in which the cause of action, or a part thereof, arose," etc., because the arrest took place in Bexar county, which was a part of the cause of action.

[1, 2] It was agreed by the parties that appellee, through its cashier, made the affidavit in Bell county, charging appellant with unlawfully disposing of mortgaged property, that the district attorney of Bell county obtained a warrant of arrest for appellant, which was sent by the justice of the peace of precinct No. 5, Bell county, to the sheriff of Bexar county, who arrested appellant. The question is, Was the arrest of appellant a part of the cause of action under the terms of exception 23 of the statute as to venue? This is a cause of action based on a malicious prosecution instituted in Bell county, as is admitted by appellant, and not a case for false imprisonment in Bexar county. The two are distinct causes of action. The warrant of arrest was lawfully issued and lawfully served in Bexar county by the sheriff thereof. No cause of action would be justified against the sheriff for lawfully executing a lawful writ, and an arrest under such lawful writ would not render appellee liable, unless it acted maliciously in procuring such arrest. Under the common law malicious prosecution and false imprisonment constituted two separate and distinct causes of action; malicious prosecution forming a basis for an action upon the case and false imprisonment the basis for a suit for trespass. As said by the Supreme Court in Hubbard v. Lord, 59 Tex. 384:

"We have abolished all common-law forms of action, but the principles upon which these distinctions rest are as applicable to our system as to any other."

In the case cited Hubbard sued Lord in Wilson county for malicious prosecution based on three complaints made before the county attorney of Dewitt county, charging Hubbard with theft of cattle in Gonzales county, and causing a warrant to issue from a justice of the peace by virtue of which Hubbard was arrested in Wilson county. It was held that the suit was improperly brought in Wilson county. That opinion has been construed by Chief Justice Conner, of the Second District Court of Civil Appeals in Leach v. Stone, 264 S. W. 620, and it is held:

"In Hubbard v. Lord, 59 Tex. 384, it was expressly held that, when a prosecution is begun at the instance of an individual, the initial step is the affidavit upon which the warrant for arrest issues, and that hence, in a suit for malicious prosecution, the offense contemplated in the exception to Article 1830, relied upon, is not the arrest but the making of the affidavit and causing the warrant to issue, and the county in which this is done determines the jurisdiction."

[3-5] It is the contention, in effect, by appellant, that exception 23 to the general statute is an exception to exception 9, and that private corporations cannot have the exception as to the venue of suits based on crimes, offenses, and trespass applied to them. The ninth exception applies to all suits based on crimes, offenses, or trespass, whether committed by an individual or corporation. When appellant sued appellee on a claim for damages based on a malicious prosecution, it admitted that the private corporation can be guilty of a crime, offense, or a trespass, and this is now the universal ruling in the United States. Cooley on Torts, pp. 204, 205; Railway v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743. In the case of a suit based on a crime, offense, or a trespass it is expressly provided that the suit may be brought in the county where such crime, offense, or trespass was committed or the county where the defendant has his domicile. It does not provide for a suit based on a crime, offense, or trespass or a part based thereon, but for the suit to be brought in the county where the whole cause of action arose. Undoubtedly, as admitted by appellant, this is a suit for damages based on malicious prosecution, which is a crime, and which occured in Bell county. Exception 9 regulates the particular suit based on a crime, offense, or trespass, and the venue is expressly provided, and the law is imperative that "the suit shall be commenced in the county" in which jurisdiction may be so expressly given. Exception 30. The venue of the suit in this case is based on a crime committed in Bell county, and it is given jurisdiction over it. Exception 9 applies to all cases based on a crime, offense, or trespass no matter by whom committed, and no provision is made for dividing the crime and having a part committed in one county and another part committed in another county.

[6, 7] We do not think that there is any conflict between exceptions 9 and 30, for the arrest of appellant, as alleged by appellant, was a mere incident to the offense of malicious prosecution out of which it grew. The arrest could be proved merely in aggravation of the offense and to increase the damages arising from the commission of the offense of malicious prosecution. Guinn v. Drug Company (Tex. Civ. App.) 219 S. W. 507. The cause of action was based on malicious prosecution and not false imprisonment, which, under the criminal laws of Texas, is a separate and distinct offense from malicious prosecution. Articles 1169 and 1298, Penal Code.

The plea of privilege was properly sustained, and the judgment is affirmed.