### AMERICAN MOTORS FINANCE CO. et al. v. CLECKLER.

No. 689.

Court of Civil Appeals of Texas. Eastland.

April 25, 1930.

Rehearing Denied May 30, 1930.

Smith & Browne, and Kirby, King & Overshier, all of Abilene, and S. A. Williams, of Dallas, for appellants.

W. E. Lessing and Scarborough, Ely & King, all of Abilene, for appellee.

HICKMAN, C. J.

In the court below appellee Wayne O. Cleckler recovered judgment for both actual and exemplary damages against appellants American Motors Finance Company and E. L. Haag. We have determined that the trial court erred in overruling the general demurrer of appellants to appellee's petition, and it will not therefore be necessary to make any statement with reference to the facts. The transcript contains an order overruling the general demurrer, and the action of the court in so doing is assigned as error. The petition upon which the case went to trial alleged that appellee had borrowed certain sums of money from appellant, American Motors Finance Company, for which sums he had executed his notes, payable in installments, and secured by chattel mortgages upon two certain automobiles, a Cadillac and a Franklin. That before the institution of this suit, and after appellee had made certain payments on the notes, he delivered to said appellant the Cadillac automobile, which said appellant sold for an amount exceeding the balance remaining unpaid on the notes, certain credits being claimed on the notes by the alleged payment of usurious interest. The transactions were pleaded in detail, and may be summarized by the statement that the petition alleged full payment by appellee of the indebtedness securing the mortgages.

The petition then alleged that appellant E. L. Haag, acting as agent for the other appellant, for the purpose of wrongfully extorting money from the appellee, which he did not owe, "did go before the County Attorney of Taylor County and swear out a warrant against this plaintiff, charging him with having violated the laws of his country, and charging him with a felony, to-wit, the disposition of mortgaged property for the purpose of defrauding his creditors." It is alleged that the complaint was caused to be filed by appellants willfully, maliciously, and without probable cause, and for the sole purpose of injuring appellee.

Follow then the following allegations:

"Which said complaint was sworn to by the said E. L. Haag, before Frank E. Smith, the then duly acting and qualified County Attorney of Taylor County, Texas, and was by said County Attorney duly filed with the said M. C. Lambeth, Justice of the Peace as aforesaid, who, acting upon the information therein contained, issued a warrant for the arrest of this plaintiff, by virtue of which warrant this plaintiff was arrested by the officers of said court, and on said January 29th, 1929, brought before said magistrate for an examination upon said charge, whereupon said defendants, although knowing full well that the charge so made was false and had been made by them maliciously and for the sole pur-

pose of injuring this plaintiff, caused said magistrate to bind this plaintiff over to await the action of the Grand Jury of said county.

"That by reason of such false, wilful and malicious acts of the defendants, this plaintiff was confined in the county jail of Taylor County from about 10 o'clock P. M. of the 29th day of January until about 3 o'clock P. M. of January 30, 1929, and was thereafter restrained of his liberty until about the 18th of February, 1929, by reason of being under bond to await the action of the Grand Jury as hereinbefore alleged."

Facts were then alleged showing the falsity of the charge contained in the complaint, and knowledge of the falsity on the part of the appellants. Actual and exemplary damages were prayed for.

■ The petition did not allege that the prosecution had ended. It is the settled law in this state that, to support an action for malicious criminal prosecution, the plaintiff must prove, along with other essential facts, that the prosecution has terminated in his acquittal. Griffin v. Chubb, 7 Tex. 603, 58 Am. Dec. 85; Glasgow v. Owen, 69 Tex. 168, 6 S. W. 527, 531; McManus v. Wallis, 52 Tex. 534; Hurlbut v. Boaz, 4 Tex. Civ. App. 371, 23 S. W. 446; Von Koehring v. Witte, 15 Tex. Civ. App. 646, 40 S. W. 63; Reed v. Lindley (Tex. Civ. App.) 240 S. W. 348.

The elements of this character of action are clearly and briefly stated in Glasgow v. Owen, supra, as follows: "The cause of action is not complete until the prosecution has ended. It could not be known whether there was any injury or not until there was an acquittal of the charge, nor what the extent of the injury might be. The suit cannot be maintained at all if there is a final conviction. To maintain the action, it must be shown that there was a prosecution; that it was malicious; that it was without probable cause; and that the prosecution is at an end. McManus v. Wallis, 52 Tex. 535; Usher v. Skidmore, 28 Tex. 617; 2 Greenl. Ev. § 452."

■ The absence from the petition of allegations of this essential element of the cause of action renders same demurrable. 38 C. J. 466, 467. Forster v. Orr, 17 Or. 447, 21 P. 440; Fryer v. Morrison, 32 Ga. App. 312, 123 S. E. 40.

■ Appellee does not contend that his petition was sufficient to declare upon an action for malicious prosecution, but meets the contention of appellant with reference to the general demurrer by the proposition that his petition declared upon an action for false imprisonment, and not for malicious prosecution, and that the successful termination of the prosecution is no essential element of such action. It will be noted that the petition alleged that appellee was arrested under the authority of a warrant issued by a magistrate, and that the complaint, which was made the basis of the warrant, charged appellee with a felony. These allegations, we think, clearly classify appellee's cause of action as one for malicious prosecution. The difference between the two causes of action is fundamental. In 25 C. J. 444, the essential distinction is stated in this language: "Put briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority." At common law one was an action for trespass and the other an action upon the case. We have abolished the common-law forms of action, but, by so doing, we have not changed the principle of distinction between these causes of action. This has been determined by our Supreme Court in Hubbard v. Lord, 59 Tex. 384, wherein the distinction between these two causes of action is clearly stated and defined. From that opinion we quote:

"Hence the distinction at common law between the action for false imprisonment and that for malicious prosecution. The former was a suit for trespass and the latter an action upon the case. See Blalock v. Randall [76 Ill. 224], supra.

"The first could be maintained only when the arrest was made without legal process; and the latter when the process of the law had been perverted and improperly used without probable cause and for a malicious purpose. Coupal v. Ward, 106 Mass. 289; Johnson v. Maxon, 23 Mich. 129; Waterman on Trespass, § 293. The injured party could recover damages for the wrong done him, but he must proceed in a different way against different parties, and make different allegations in the one case from what he did in the other. * * *

"We have abolished all common law forms of action, but the principles upon which these distinctions rest are as applicable to our system as to any other. Where the arrest is without authority, we may proceed here as upon the same allegations and against the same parties as at common law in the action of false imprisonment. Where the arrest is made under lawful process, we must proceed alone against the party who sued it out, and must allege malice and want of probable cause. The underlying principle is that in the one case a trespass is committed and in the other it is not."

See, also, Warwick v. First State Bank of Temple (Tex. Civ. App.) 296 S. W. 348.

■ These distinctions and rules are not arbitrary. They rest upon substantial principles of public policy. It is often stated, and the statement is quoted in some of the Texas cases above cited, that actions for malicious prosecution are not favored by the

law. By this is not meant that the law will not afford a remedy to one who has been maliciously prosecuted without probable cause, but rather that public policy requires that the rules governing such actions be not relaxed, but that they be strictly adhered to. While a criminal proceeding is pending against one, no court, in a civil action, should declare that the defendant in the criminal action is not guilty, and that the party instituting the proceeding acted maliciously and without probable cause.

It is our opinion that the general demurrer should have been sustained. The other questions presented may not arise upon another trial, and will not be discussed.

The judgment of the trial court is reversed, and the cause remanded.