## BLUEJACKET v. SOUTHLAND GREY-HOUND LINES, Inc., et al.
### No. 12953.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 24, 1934.

Rehearing Denied May 25, 1934.

Houtchens & Houtchens and J. Harold Craik, all of Fort Worth, for appellant.

Cantey, Hanger & McMahon, W. D. Smith, and E. O. Mather, all of Fort Worth, for appellees.

POWER, Justice.

On April 18, 1932, appellant, R. P. Bluejacket, filed a petition against the Southland Greyhound Lines, Inc., a corporation, and the Pickwick Greyhound Lines, Inc., a corporation, alleging, in substance, as follows: That prior to the 18th day of April, 1930, defendants, through their agents, jointly and severally, undertook a studied, willful, and malicious scheme to injure plaintiff and to destroy his business, and that, in pursuance to said willful and malicious scheme and design, defendants, through their agents, filed three complaints against the plaintiff with the district attorney of Tarrant county, alleging, in effect, that appellant was operating a bus line over highway No. 10 leading through Tarrant county, and thence to Kansas City, Mo., and that the said appellant did not have at said time a certificate or permit from the railroad commission of Texas declaring that the public convenience and necessity require the operation of said motor vehicle; that in consequence of said complaints a warrant was issued by the county clerk of Tarrant county and placed in the hands of the sheriff of Tarrant county and appellant was arrested and placed in the county jail.

These complaints were executed and sworn to by appellees' agents on the 18th, 19th, and 20th days of April, 1930, and the criminal prosecution begun by said complaints was dismissed by the judge of the county court on the 10th day of December, 1930.

The defendants answered, filing a special exception to plaintiff's petition as follows: "Defendant further specially excepts to said petition for the reason that the same shows on its face that the cause of action set up and

alleged therein is barred by the one year statute of limitation and of this exception defendant prays judgment of the court." This special exception was sustained by the trial court, and the appeal to this court is upon this single proposition.

Article 5524, of the statutes of this state, provides:

"There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward, all actions or suits in courts of the following description:

"1. Actions for malicious prosecution or for injuries done to the character or reputation of another by libel or slander."

This suit was not commenced within the period of one year after the cause of action accrued. However, appellant contends that his cause of action is not one for malicious prosecution but one for false imprisonment which would not come under the one-year statute of limitation. In this contention this court cannot concur. It is our opinion that the petition is one for malicious prosecution. It has been held that the difference between the two causes of action is fundamental. This difference is briefly stated in 25 Corpus Juris, p. 444, as follows: "Put briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority."

This distinction was approved in the case of Hubbard. v. Lord, 59 Tex. 384, by the Supreme Court, and is followed by a further approval in an opinion by Judge Hickman of the Eastland Court of Civil Appeals in the case of American Motors Finance Co. v. Cleckler, 28 S.W.(2d) 274.

The cause of action alleged by plaintiff is a malicious detention, but under due forms of law. It cannot be said that his imprisonment was without color of legal authority. Appellant's cause, as alleged, was based on a willful scheme to destroy him and his business, and, in effect, it was alleged that said scheme was followed up by "complaints," "warrants," and "imprisonment," all of which could be and were pleaded as his continuous damage by reason of the malicious prosecution. The imprisonment in the case as alleged was an incident of such prosecution. Warwick v. First State Bank of Temple (Tex. Civ. App.) 296 S. W. 348. In the opinion of this court the petition is one for malicious prosecution, and, not having been filed within the statutory period provided by law, the judgment of the trial court is affirmed.