J. W. RALEIGH & HEIDENHEIMER BROS. v. J. M. COOK.

(Case No. 1072.)

1. PRACTICE — STATEMENT OF FACTS.— The rule again announced, that where the statement of facts found in the record was approved and filed after the adjournment of the term, and no order is found in the transcript permitting it to be thus made and filed, it will be disregarded.

2. PRACTICE.— In the absence of a statement of facts, the supreme court will consider no assigned error based on the action of the court in giving or refusing charges, or which attack the verdict as being against law and evidence, or as excessive in the amount of damages found.

3. VENUE — DAMAGES.— A petition contained allegations which, taken together, amounted to a charge that the defendants combined falsely to accuse him of the offense of swindling Heidenheimer Bros., and in pursuance of such

combination did through one of their number, J. W. Raleigh, make such accusation by affidavit before a magistrate of Wood county, and that this was done for the purpose of extorting money and the payment of a debt pretended to be due defendants.  *Held,*

(1) That while the averments were not so specific and certain as would be required in an indictment, they were sufficiently certain for the purposes of civil pleading.

(2) The acts so charged constituted an offense against the laws of the state.

· (3) The offense charged was in the nature of a conspiracy, and will be deemed to have been committed where any act in pursuance of the common design was performed by any one of the conspirators, or by any other person at their instigation.  The conspiracy is renewed with every act done in pursuance of the unlawful design.

(4) The making of an affidavit against the plaintiff to secure his arrest, in pursuance of the common design, in Wood county, that county is taken to be the county in which the offense was committed, and a suit for damages for the wrong done was properly brought in that county.  Pasch. Dig., art. 1422.

4. PLEA IN ABATEMENT.— A plea in abatement should exclude all such supposable matter as would, if alleged by the adversary, defeat the plea.

5. AMENDMENT.— An amendment seeking a different or larger relief does not set up a new cause of action; nor does a prayer for a larger amount of damages, claimed as resulting from facts set up in the former pleading.

6. PROBABLE CAUSE.— The fact that the district judge held the plaintiff to bail, and refused to discharge him on the accusation made by defendants and former conspirators, or that plaintiff was indicted by a grand jury for the offense they charged against him, were not conclusive evidence of probable cause.

7. MALICIOUS PROSECUTION.— It is not so much the intermediate action of the court upon the charge, when there is a final decision of it in favor of the accused, as the motives, grounds, facts and evidence upon which the prosecution proceeded in making it, that determines the two principal qualities of malice and want of probable cause in a suit for malicious prosecution.  Following Griffin *v.* Chubb, 7 Tex., 603.

APPEAL from Wood.  Tried below before the Hon. C. B. Kilgore, special judge.

A detailed statement of the lengthy pleadings would not make more plain the principles decided in the opinion.  The verdict from which the appeal was taken was for $10,000.

*Labatt & Noble,* for appellants, cited on their proposition that the petition showed probable cause for the arrest of appellee:  2 Stark. on Evidence, 493–496; 2 Greenl. on Evidence, 510; Grant *v.* Duel, 3 Rob. (La.), 17; Whitney *v.* Peckham, 15 Mass., 243; Smith *v.* McDonald, 3 Esp., 7; Ganea *v.* Southern Pacific R. R. Co., 51 Cal., 140; Griffin *v.* Chubb, 7 Tex., 603; McNeese *v.* Herring, 8 Tex., 151; Hitson *v.* Forrest, 12 Tex., 325; 2 Greenl. Ev., 453; 2 Starkie Ev.,

680; Landa v. Obert, 45 Tex., 539; McManus v. Wallis, 52 Tex., 543; Stewart v. Sonneborn, 98 U. S., 187; Sears v. Hathaway, 12 Cal., 277; Lavendor v. Hudgens, 32 Ark., 765; Barrett v. Spaids, 70 Ill., 408; Palmer v. Richardson, id., 544; Ross v. Inness, 35 Ill., 487; Davie v. Wilbur, 72 Ill., 262; Ames v. Snyder, 69 Ill., 376; Sharp v. Johnston, 59 Mo., 557; Laville v. Biguenand, 15 La. An., 605.

*Robertson & Finley* and *Giles & Cate*, for appellee, filed an exhaustive brief, the leading propositions in which were sustained by the opinion.

WILLIE, CHIEF JUSTICE.— It appears from the transcript in this cause that the term of the court at which it was determined ended on the 11th of June, 1881, and that the statement of facts found in the record was approved and filed on the 20th of that month. We find no order in the transcript permitting the statement to be made up and filed after the adjournment of court for the term, and hence this statement is improperly in the record and must be disregarded. Ross v. McGowen, 58 Tex., 603; McGuire v. Newbill, id., 314; Texas & Pacific R. R. Co. v. McAllister, 59 Tex., 349.

Without a statement of facts we can revise none of the errors assigned to the action of the court in giving or refusing charges to the jury, nor those which attack the verdict as being against the law and evidence, or as finding excessive damages for the plaintiff. R. R. Co. v. McAllister and Ross v. McGowen, *supra;* Armstrong v. Lipscomb, 11 Tex., 649; Bast v. Alford, 22 Tex., 399; Birge v. Wanhop, 23 Tex., 441.

The only assignments of error, therefore, that claim our attention are the first, second and third, which relate to the ruling of the court below on the plea in abatement and the demurrers filed by appellants to the pleadings of the appellee.

The plea in abatement set up that the appellants (defendants below) were, at the institution of this suit, residents of the county of Galveston, and not of the county of Wood, where this suit was commenced. This plea was overruled and the defendants excepted, and make this action of the court the subject of their first assignment of error.

The pleading of the plaintiff below alleged, as the cause of action upon which the suit is founded, the injury which he received because of a false accusation made under oath against him before a justice of the peace in the county of Wood, by J. W. Raleigh, one of the

defendants, charging him with obtaining goods under false pretenses from Heidenheimer Bros., the other defendants in the cause. It alleges that, in consequence of this affidavit and the prosecution that ensued, he was arrested and detained in custody of an officer in Wood county, and was forced to sue out a writ of *habeas corpus* before the district judge in Smith county, and that he was compelled to give bond for his appearance before the criminal district court of Galveston county to answer the charge preferred against him. It further alleged his indictment for said offense by the grand jury of Galveston county, his imprisonment in jail and his acquittal by the criminal court. He alleges that this prosecution was commenced and carried on at the instigation of the defendants, as part of a plan or scheme devised by them for the purpose of extorting money from him and forcing him to pay a pretended debt claimed against him by said defendants. Allegations to this effect run through all the pleadings of the appellee, and taken together they amount to a charge that the defendants combined falsely to accuse him of the offense of swindling Heidenheimer Bros., and in pursuance of such combination did, through one of their number, J. W. Raleigh, make such accusation by affidavit before a magistrate of Wood county, and that this was done for the purpose of extorting money and payment of a debt pretended to be due defendants. Whilst these averments are not so specific and certain as would be required in an indictment, they are sufficiently so for the purposes of civil pleading. Under our Penal Code then in force such acts constituted an offense against the laws of the state, which is defined in arts. 2305 and 2306 of Paschal's Digest, in almost the precise language given above.

By our statute regulating the venue of suits, which governed at the time this action was commenced, it was provided that, where a defendant had committed some offense for which an action of damages would lie, suit might be instituted in the county where the offense was committed. Pasch. Dig., art. 1423.

The present offense is in the nature of a conspiracy, and it is a well settled principle of criminal law that such an offense is deemed to have been committed where any overt act in pursuance of the unlawful combination is performed, by any one of the conspirators, or any other person at their instigation. In point of law the conspiracy is considered as renewed with every act done in carrying out the plan. 1 Bish. on Crim. Procedure, § 61; People v. Mather, 4 Wend., 229; Commonwealth v. Gillespie, 7 S. & R., 469, 478.

The first and principal overt act performed by the defendants was the making of the affidavit before the justice of the peace in Wood

county. Hence the offense must be deemed to have been committed in that county, and an action for damages growing out of the offense was cognizable therein, and the court below did not err in overruling the plea in abatement.

It may be further remarked, that such pleas should exclude all such supposable matter as would, if alleged on the opposite side, defeat the plea. Stark v. Whitman, 58 Tex., 375, and authorities cited. The plea in this case did not negative the allegation that the defendants had committed an offense in Wood county, and for this reason also was properly overruled.

The second assignment of error is not well taken. It has been frequently held by this court that an amendment seeking a different or an enlarged relief does not set up a new cause of action. Much less does a prayer for a greater amount of damages, when the injury for which they are claimed is the same previously declared on. Chapman v. Sneed, 17 Tex., 428; Pridgin v. Strickland, 8 Tex., 427; Porterfield v. Taylor, decided at present term (*ante*, 264).

Neither can the third assignment prevail. The fact that the magistrate, upon the original complaint, and the district judge, upon the writ of *habeas corpus*, held the plaintiff to bail and refused to discharge him, and the grand jury indicted him for the offense with which he was charged by the defendants, were not in themselves conclusive evidence of probable cause. His subsequent acquittal by a petty jury, taken in connection with the other facts alleged in the petition, rebutted any inference of probable cause to be drawn from the circumstances mentioned. It is not so much the intermediate action of the courts upon the charge, when there is a final decision of it in favor of the accused, as the motives, grounds, facts and evidence upon which the prosecutor proceeded in making it, that determines the two principal questions of malice and want of probable cause in a suit for malicious prosecution. Townshend on Slander, § 428 *et seq.;* Griffin v. Chubb, 7 Tex., 603.

We find no error in the judgment in the state of the record as presented to this court for which the judgment should be reversed, and it is accordingly affirmed.

AFFIRMED.

[Opinion delivered November 23, 1883.]

Labatt & Noble, Horace Chilton and Albert N. Mills, for appellant, filed motion for rehearing, which was overruled.