ALBINO CANALES V. ANTONIO H. PEREZ.

(Case No. 2137)

</div>

STATE SCHOOL LANDS—INCHOATE RIGHT—FORFEITURE OF PURCHASE—STATUTE CON-STRUED—PLEADINGS—DEMURRERS, GENERAL AND SPECIAL—C. sued P., in trespass to try title, for two sections of land lying partly in Nueces and partly in Duval counties, purchased by the former from the state, by application through the surveyor of Nueces county, under the act of July 8, 1879, and the act of April 6, 1881, amendatory thereof, providing for the sale of lands set aside for the common school fund. The petition, besides the allegations usual in such forms of action, alleged, with great particularity, a compliance by C. with all the requirements of the statute, necessary to be observed in the purchase of such lands, down to and including the allegation of payment by him of the first installment, or one-twentieth part, of the purchase money. The petition also alleged the execution by C. of written obligations for the balance of the appraised value of the lands, stipulating to pay to the governor of the state

such balance in yearly installments, each a one-twentieth part thereof, with interest; that the obligations had been executed and forwarded to the treasurer of the state and by him filed, and had also been registered by the commissioner of the general land office, all in conformity with the law regulating the sale of such lands; that the only installments of interest falling due up to the date of the institution of plaintiff's suit had been paid to the state and accepted by it; and that P., with full knowledge of plaintiff's rights, had subsequently purchased from the state, by application through the surveyor of Duval county, the same lands, paying cash, and had procured from the state patents therefor. The petition did not, however, specifically allege, that C.'s obligations had been executed so soon as his application was received by the surveyor, or that they had been executed and sent to the commissioner of the general land office, or filed with the treasurer of the state, before the patents were issued to P. P. demurred to the petition. *Held:*

(1) That a compliance by C. with all the requirements of the statute, necessary to be observed in the purchase of school lands, down to and including the payment of the first installment of the purchase money, gave him an inchoate right to the lands described in the petition, which he could perfect by a compliance with the requirements of the statute as to acts subsequently to be performed; and, so long as he was not in default in any of these particulars, the lands could not be granted to another;

(2) That, since the statute provides, that a failure, for a stated time, to pay the first installment shall immediately work a forfeiture of the land, and does not provide that a failure to forward, within a named period of time, the notes for the balance of the purchase money shall be visited with the same penalty, it was evidently not intended that, unless the notes be executed and forwarded so soon as the application is filed with the surveyor, the land should be immediately forfeited;

(3) That, under rule seventeen for the government of district courts, every reasonable intendment must be indulged in favor of the pleading demurred to;

(4) That the reasonable deductions to be drawn from the allegations of the petition in this case are, that the obligations executed by C. had been forwarded in due time and before the right of any person to the land had accrued;

(5) That the fact that the proper officers recognized as due to the state, the payments made by C., and received and receipted for them, and registered the obligations under which these payments were made, shows that the officers recognized the purchase by C. as valid, and the obligations as duly executed; and, unless P., who claims to have bought subsequently to C., can show some fact which avoided the latter's purchase, notwithstanding his apparent compliance with the law, the title of C. is good.

(6) That if the petition is not as clear and specific as to dates or other like circumstances as it should be, such defects should have been pointed out by special demurrer. A general demurrer will not reach them.

APPEAL from Nueces. Tried below before the Hon. John C. Russell.

The case is stated in the syllabus.

*Stanley Welch* and *Wells & Hicks,* for appellant, that the plaintiff's petition showed a good cause of action against the defendant, cited:

R. S., arts. 4786, 4795; R. S. app., p. 41, secs. 1, 10; Laws of 1881, p. 119, secs. 1, 8; Wilson v. Hampton, 4 Tex. Law Rev. 30.

*McCampbell & Givens,* for appellee, cited: Laws of 1881, chap. 105, p. 119, secs. 7, 8.

WILLIE, CHIEF JUSTICE.—This case having been dismissed upon sustaining a general demurrer and one special exception to the petition, our only inquiry is, was the petition good as against these pleadings of the defendant? The petition alleged, with great particularity, a compliance by Canales with all the requirements of the statute, necessary to be observed in the purchase of school lands, down to the payment of the first intallment of one-twentieth of the purchase money. This gave him an inchoate right to the lands described in his petition, which he could perfect by a compliance with the requirements of the statute as to acts subsequently to be performed. These were the execution of an obligation for the balance of the appraised value of the land, stipulating to pay the governor, in yearly installments, of one-twentieth of the purchase money each, the balance due for the land, and the payment of these installments at the respective dates of their maturity.

So long as Canales was not in default in any of these particulars, the land could not, of course, be granted to another. The petition alleged that the obligation had been executed in conformity with the statute, and that the only installments of interest falling due up to the date of the institution of the suit, had been paid and accepted by the government. It did not specifically state that the obligation had been executed so soon as the application was received by the surveyor, or that it had been executed or sent to the commissioner of the general land office, or filed with the treasurer before the patents were issued to the defendant.

As against a general demurrer, we think the allegations of the petition in these respects were sufficient. Our rules have somewhat modified the principle, that, upon a general demurrer, the averments of the pleading demurred to shall be taken most strongly against the pleader. Under these rules, every reasonable intendment must be indulged in favor of the pleading. Rule seventeen for district courts.

The reasonable deduction to be drawn from allegations that the notes were executed, forwarded and filed with the treasurer, and that they were received and registered by the commissioner of the general land office, and that these things were done in compliance with the laws regulating the purchase of such lands, and that the applicant

had paid the two installments of interest falling due first after the cash payment, and had received receipts therefor from the proper officers of the state, is that the obligation had been forwarded in due time, and before the right of any other party to the land had accrued.

The statute does not provide that the land shall be forfeited if the notes be not forwarded within any named period of time. It is doubtless true that the state may resume her right to the land for a failure to execute the notes, but it was evidently not intended that, unless they were executed and forwarded so soon as the application was filed with the surveyor, the lands should be immediately forfeited. If time had been a matter of so much importance, it would have been so stated in the law. This is evident from the fact that it is prescribed in the statute that if the cash payment is not made within a named period the land may be sold to another. The legislature would not have been so careful in providing that a failure to pay the first installment for a stated time should immediately work a forfeiture, and have remained silent as to the time within which other delinquencies should be visited with the same penalty, if they had intended that time should be of the essence of the provision in the latter cases equally with the former. Had the the notes been executed and delivered to the proper officers at too late a date to entitle Canales to the benefit of his purchase, they would certainly not have received and kept the money which he paid them as interest upon the notes.

The very fact that they recognized these payments as due the state, and received and receipted for them, and registered the obligations under which they were paid, shows that they recognized the purchase as valid and the obligations as duly executed; and, unless the defendant, who claimed to have bought subsequently to Canales, could show some fact which avoided the latter's purchase, notwithstanding his apparent compliance with the law, the title of Canales was good, and should have been sustained in this suit. He, at least, made out a state of case which every reasonable intendment favored, and good against a demurrer.

If the petition was not so clear and specific in the statement of dates or like circumstances as it ought to have been, the defects should have been pointed out by special demurrer. The only special demurrer sustained related to the failure to allege that the obligations were executed immediately upon filing the application to purchase the lands. This, we have shown, was not a good objection. We think the petition showed a cause of action as against a general

demurrer and the special demurrer filed by the appellee, and for the error of the court in sustaining them the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 19, 1886.]