McQUIGG & MOORE v. W. H. NABORS.

Decided March 10, 1900.

**Plea of Privilege—Jurisdiction and Venue—Negativing Exceptions.**

Defendant having been sued in the justice court of a precinct other than that of his residence, pleaded to the jurisdiction, claiming his privilege to be sued in the precinct where he resided, and negativing all the exceptions as to venue specified in article 1585, Revised Statutes. Held, that the plea was defective in failing to allege that there was a justice of the peace in the precinct of defendant's residence qualified to try the case, since, if there were not, the suit could, under article 1589, have been properly brought in such other precinct.

APPEAL from the County Court of Fannin. Tried below before Hon. W. A. Evans.

*Taylor & McGrady,* for appellants.

*John C. Meade* and *R. B. Semple,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted on September 15, 1898, in the Justice Court of precinct No. 1, of Fannin County, Texas, by appellant against appellee on a note for $112.35, interest and attorney's fees.

Appellee in the Justice Court pleaded to the jurisdiction of that court, that he resided in precinct No. 8 of said Fannin County, and claimed the privilege of being sued in the precinct of his residence. In the Justice Court this plea to the jurisdiction was overruled, and judgment final on the debt was rendered against appellee in favor of appellants.

From this judgment appellee appealed to the County Court, and in that court, on July 27, 1899, a judgment was rendered sustaining said plea to the jurisdiction of the court, dismissing the suit, and adjudging that "plaintiffs take nothing by this suit; that defendant, Nabors, go hence without day, without prejudice to or barring plaintiffs' cause of action in any suit hereafter brought by plaintiffs against defendant." From this judgment plaintiffs appealed.

Appellants' first assignment of error reads: "The court erred in rendering judgment sustaining defendant's answer consisting of plea of venue, because same is insufficient in that it does not negative the fact that there was either a qualified justice of the peace to try the cause in defendant's precinct, or that his precinct was not the nearest precinct to the one in which the suit was brought."

The defendant's plea of privilege alleged his residence in precinct No. 8, and not in precinct No. 1, and also negatived the existence of a state of facts which, under the thirteen exceptions specified in article 1585, Revised Statutes, would authorize suit against him outside of the precinct of his residence. The appellants contend that the plea should have gone further and alleged that there was a justice of the peace in precinct No. 8, qualified to try the suit, or that the justice of the peace of precinct No. 1 was not the nearest justice in the county to No. 8.

The general rule as provided by statute is, that a defendant must be sued in the county and precinct of his residence. To this rule the statute expressly names thirteen exceptions, and also "such other exceptions as are or may be provided by law." Rev. Stats., art. 1585.

It will thus be seen that the statute does not expressly limit the exceptions to the rule to the thirteen exceptions named. It expressly recognizes that there are or may be other exceptions. By article 1589 it is provided that if there be no justice of the peace qualified to try the suit in the proper precinct, the suit may be commenced before the nearest justice of the peace of the county who is not disqualified to try the same.

If, then, under this statute, there was no justice of the peace in precinct No. 8, and the justice of the peace of precinct No. 1 was the nearest justice of the peace in Fannin County to precinct No. 8, then the justice of the peace of precinct No. 1 had jurisdiction to try the case. If these facts had been alleged and proved, it would have defeated the plea of privilege.

Our courts, in discussing pleas of this character, state the rule with

great uniformity, that the plea should anticipate and exclude all such supposable matter as would, if alleged on the opposite side, defeat the plea. Starke v. Whitman, 58 Texas, 376; Raleigh v. Cooke, 60 Texas, 442; Booth v. Fiest, 80 Texas, 144; Goode v. Caldwell, 33 S. W. Rep., 244.

Applying this rule to the defendant's plea of privilege in this case, it necessarily follows that said plea is defective in not alleging that there was a justice of the peace in precinct No. 8 qualified to try the cause.

Appellants request that we render judgment in their favor for the note sued on, with interest and attorney's fees.

The issues of fact in reference to the indebtedness alleged to be owing by defendant to plaintiffs have not been found or passed upon in the first instance by the trial court. Such being the condition of the record, we are not authorized to render judgment here. Patrick v. Smith, 90 Texas, 270.

For the error pointed out the judgment is reversed and cause remanded.

*Reversed and remanded.*