**FLORES v. LONE STAR FISH & OYSTER CO. et al.**

No. 4809.

Court of Civil Appeals of Texas.

June 13, 1951.

Bismark Pope, Philip A. Kazen, both of Laredo, for appellant.

Biggers, Baker & Lloyd, Dallas, Mann & Mandel, Laredo, for appellees.

McGILL, Justice.

This is an appeal from an order of the District Court of Webb County, 49th Judicial District, sustaining pleas of privilege filed by each of the defendants and transferring the cause in its entirety to the 95th Judicial District Court of Dallas County. The case was tried to the court without a jury, and no findings of fact or conclusions of law were requested or filed.

Plaintiff, appellant here, sought to sustain venue in Webb County under Exception 9, Article 1995, V.A.C.S., based upon a crime, offense, or trespass committed by the defendants or their agent or representative in Webb County. He incorporated and made a part of his controverting affidavit his first amended original petition. There is little discrepancy between the material allegations of the controverting affidavit and the facts reflected by the Statement of Facts. There may be some discrepancy between the allegations and the inferences deducible from the facts, which of course must be considered in the light most favorable to sustain the order appealed from.

The Lone Star Fish & Oyster Company was an assumed name under which the defendants D. E. Wicker and David E. Wicker, Jr., conducted a partnership business. Each of these defendants resided in Dallas County. The partnership maintained a place of business in Nueces County and Leland B. Ross was its agent and manager in charge of its business there in Corpus Christi, and the defendant Leland B. Ross resided in Nueces County. The partnership was engaged in the business and sale and delivery of fish and other sea food products throughout a large territory in southwest Texas, including the city of Laredo and Webb County. They delivered products sold by them to customers in Webb County and collected for such products there upon delivery. On January 18, 1949, the plaintiff, who was a customer of the partnership, delivered to the driver of one of its delivery automobiles in Laredo his check for $34.15, drawn on the Laredo National Bank of Laredo, and payable to the partnership and signed by him. The check was given in payment for certain products delivered by the partnership to

444

plaintiff in Laredo on that date. There is some evidence that payment of this check was refused on one occasion for insufficient funds, but it was later paid, on February 23, 1949, and returned to plaintiff with his bank statement for that month and was duly cancelled by the bank, being perforated "Paid". Two or three months thereafter the driver of the delivery truck of defendants called upon plaintiff in Webb County and informed him that the defendants were contending that the merchandise delivered on January 18, 1949, had not been paid for, and requested plaintiff to permit him to take the cancelled check so that he could show such payment. Plaintiff delivered the check to the driver. It was not returned to him at the date of the trial. On January 30, 1950, the defendant Leland B. Ross in Nueces County swore to a complaint before James C. Martin, County Attorney of Nueces County, in which he charged that the plaintiff on January 18, 1949, had fraudulently acquired certain merchandise from the possession of the partnership by giving and drawing a check for $34.15 as consideration therefor, knowing that he did not have sufficient funds in the bank on which it was drawn with which to pay said check when it would be presented in the ordinary course of business. On the same date this complaint was filed under file No. 9263 in the County Court at Law of Nueces County, and based on it the County Attorney of Nueces County on the same date filed in that court under the same file number an information which charged the plaintiff with fraudulently acquiring possession of certain property from the partnership of the value of $34.15, with intent to appropriate the same to his own use and benefit and to defraud the partnership by means of such check. On the same date a capias was issued by the Clerk of the County Court at Law of Nueces County, directed to any Sheriff of the State of Texas, commanding him to arrest the plaintiff Alonzo Flores and to safely keep and have him before the Honorable County Court at Law of Nueces County instanter to answer such charge. This capias was executed by the Sheriff of Webb County on February 2, 1950, by arresting plaintiff

at Laredo, in Webb County, Texas, and holding him for a sufficient time to permit him to execute a bond for $300.00 with sufficient sureties assuring his appearance before the County Court at Law of Nueces County in cause No. 9263.

On these facts, substantially above summarized, plaintiff sought to recover $10,000.00 actual and $10,000.00 exemplary damages from each of the partners and from Ross. Pleas of privilege in behalf of the partnership and the partners to be sued in Dallas County were duly and timely filed and also a plea by Ross to be sued in Nueces County, but on an announcement by the court that he would transfer the cause to Dallas County insofar as the partnership and partners were concerned, Ross agreed to consolidate the cause of action as to him with that of the partners and to transfer the entire cause to Dallas County, which was done.

If any crime, offense or trespass was committed in Webb County, it necessarily consisted of the arrest of plaintiff by the Sheriff of that County, and in his being held by the Sheriff until he could make bond. Appellant earnestly insists that the undisputed evidence shows that the offense with which he was charged, if it was committed at all, was committed in Webb County, and that therefore under Article 211 of the Code of Criminal Procedure, since no venue is specifically prescribed for such offense the proper county for its prosecution was Webb County where the offense was committed, and that the Honorable County Court at Law of Nueces County had no jurisdiction to try appellant for such alleged offense. It is therefore insisted that the arrest of appellant and his temporary restraint was inflicted without any warrant or "color of lawful authority" and that since it was instigated by Ross acting for himself and as agent of the other two defendants they and each of them committed an offense in Webb County. We do not concur in these views, but on the other hand think that the trial court was correct in transferring the case to Dallas County. It may be questionable whether or not in view of the indulgence

of every reasonable inference in favor of the trial court's order appellant's theory that the jurisdiction of the County Court at Law of Nueces County was fraudulently invoked by Ross, finds support in the record. It does appear that on February 23, 1950, the complaint filed in cause No. 9263 in the County Court at Law of Nueces County was dismissed by an order reciting that "It appearing that the evidence is insufficient to support the charge set forth in the complaint and information, upon the motion of the attorney for the state the same are hereby dismissed and the defendant is ordered released."

We think it does not necessarily follow that the inference is that the complaint was fraudulently filed for the purpose of invoking the jurisdiction of the court. However, even though such may have been the fact, nevertheless the complaint and information on their face charged an offense committed in Nueces County and did not on their face show want of jurisdiction in the County Court at Law of that County. Certainly the clerk of that court was not the judge of whether or not the court had jurisdiction, and it was not only her right but her duty to issue the capias. Neither could the Sheriff of Webb County set himself up as the judge of whether or not the court from which the capias was issued had jurisdiction. The writ was valid on its face and it was his duty to execute it. He was therefore acting with "color of authority" and hence there was no false imprisonment in Webb County, and no crime, offense or trespass committed there within the meaning of the venue statute. Any acts which could form the basis for a cause of action for malicious prosecution had to do with the filing of the complaint and information and the issuance of the capias in Nueces County, and not with anything that occurred in Webb County, and could not form a basis on which to maintain the venue in Webb County. The distinction between a cause of action for malicious prosecution and one for false imprisonment was clearly made in the early case of Hubbard v. Lord, 59 Tex. 384, and again reiterated in American Motors Finance Co.

v. Cleckler, 28 S.W.2d 274, by the Eastland Court of Civil Appeals in an opinion by Chief Justice Hickman.

The order appealed from is in all respects affirmed.