SAFEWAY STORES, INC., et al., Appellants,

v.

Kenneth AMBURN, Appellee.

No. 16533.

Court of Civil Appeals of Texas.

Fort Worth.

June 5, 1964.

Rehearing Denied July 10, 1964.

Clark, West, Keller & Clark, and W. B. West III, Dallas, for appellants Safeway Stores, Inc., and R. C. Newman.

Daugherty, Bruner, Kelsoe & Lastelick, and Jerry Lastelick, Dallas, for appellant Hopper & Hawkins, Inc.

Anderson & Connell, and Jack Connell, Wichita Falls, for appellee.

MASSEY, Chief Justice.

Kenneth Amburn, as plaintiff, brought suit in Jack County against Bill Koch and his employer, Hopper & Hawkins, Inc., and against R. C. Newman and his employer, Safeway Stores, Inc. In connection with the transaction out of which plaintiff's cause of action arose Hopper & Hawkins, Inc., was alleged to have been acting within the scope and course of its agency relationship with Safeway Stores, Inc.

Bill Koch was never served with citation, and for our purposes may be treated as having never been a party defendant. The other defendants were served. Each of them filed a plea of privilege to be sued in the county of residence. The hearing was held upon all of such pleas at one time. They were overruled. Venue of plaintiff's cause of action was retained in Jack County. Each of the affected defendants brought an appeal to this court.

We have concluded that in so far as the decree affects R. C. Newman it should be reversed and the case, as to him, transferred to Tarrant County where he resides. We have concluded that venue of plaintiff's

case, in so far as it is against the two corporate defendants, was properly sustained in Jack County, and should be affirmed.

■ ■ The evidence was wholly insufficient to establish a requisite prima facie case against Newman under any applicable subdivision of Vernon's Ann.Civ.St.Tex. Art. 1995, "Venue, general rule". We believe that plaintiff did make out a prima facie case, within the venue pleadings, as against Safeway Stores, Newman's employer, because the trial court was at liberty to factually conclude that Hopper & Hawkins, Inc., acting by and through its agent, servant and employee, Koch, was itself acting as an agent for Safeway Stores, Inc., for purposes of the transaction. We reject the argument presented in behalf of Safeway Stores, Inc., that since Hopper & Hawkins was an independent contractor Safeway could not be liable for the tort committed by it through the individual who was the latter's servant. Hopper & Hawkins was properly held under the doctrine of *respondeat superior* for and because of the acts of Koch.

■ Subdivision 7, "Fraud and defalcation", to the general venue statute was relied upon by plaintiff, but we are of the opinion that his cause of action upon grounds of "fraud" was not maintainable, under the proof adduced upon the hearing, within the meaning and intent of that exception. In order to sustain venue under that exception, predicated upon allegations of "fraud", all the constituent elements of "actionable fraud" must be established. Texas Employers' Insurance Association v. McDaniel, 286 S.W.2d 465 (Amarillo Civ. App., 1956, no writ), and cases therein cited. Plaintiff's proof was wanting in connection therewith.

■ Another exception relied upon by plaintiff to maintain venue in the county of suit was subdivision 9, "Crime or trespass". The briefs devote considerable space to the matter of the tort of "false imprisonment", it being plaintiff's contention that the defendants, or one or more of them, had committed "trespass" in this respect. Generally, and as applied to this case, "false imprisonment" would mean "'the wilful detention of another against his consent and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper.'" Fort Worth Well Machinery & Supply Co. v. Waggoman, 52 S.W.2d 306 (Fort Worth Civ.App., 1952), reversed on other grounds at 124 Tex. 325, 76 S.W.2d 1005, with that action effecting an approval of the term as so defined.

We are of the opinion that plaintiff's proof upon the venue hearing failed to establish his case upon "false imprisonment". We so hold.

But there is a variety of the forms of causes of action which would constitute active tort, amounting to a "trespass", within the meaning and intent of exception or subdivision 9. It has been held that a showing of threats of criminal prosecution, abuse, and other overt acts wantonly and deliberately committed, which result in impairment of a plaintiff's health and in physical injuries, may justify a trial court in overruling a plea of privilege where a claim of right to retain venue under the exception is asserted. See First Nat. Bank v. Childs, 231 S.W. 807, 809 (Austin Civ. App., 1921, error refused). Since the Supreme Court notation antedated June 14, 1927, it did not have the connotation presently attributed to like notations. Nevertheless it shows that jurisdiction was accepted and the result reached by the lower appellate court approved. In "Shepardizing" the opinion we find that the decision has yet to be disapproved in the respect under consideration.

We are of the opinion, and so hold, that plaintiff's proof was sufficient to establish a "trespass" within the meaning and intent of subdivision 9 to the general venue statute.

In so holding we rely upon the cited case. Furthermore the proof was within the allegations of the pleadings to be considered in a test of venue. In the testimony of plaintiff Amburn, relative to a conversation held with Mr. Koch in Jack County very shortly before he signed a statement admitting embezzlement or misappropriation of Safeway property or funds, is found the following: "He had threatened me with Huntsville and the state penitentiary, and to take it up with the bonding company." Amburn denied the fact of embezzlement or misappropriation by his pleadings and testimony. Further testimony was to the effect that Koch told Amburn that if he paid $500.00 (undoubtedly to or for the benefit of Safeway Stores, Inc., in reimbursement of the asserted misappropriation or embezzlement) he would not be prosecuted, would be given a release, and that no charges against him would be pressed. The plaintiff did, directly and as a result of Koch's statements or representations, sign the confession presented, yield up his personal automobile and the title thereto, and signed a promissory note in the amount of $280.00. He further testified to physical debilitation proximately flowing from the action of which he complained.

■ This testimony established what was in former legal parlance called "trespass on the case" or merely "case", and, within the meaning and intent of exception or subdivision 9 to the general venue statute, established a form of "trespass" in Jack County because of which the court was at liberty to retain venue in that suit as against Koch and/or those who would be responsible for his tort under agency principles.

But for our holding in said respect in reliance upon principles of law stated in First Nat. Bank v. Childs, and cases therein cited, we will state that we would have reversed the trial court and transferred plaintiff's suit as to each defendant sued, served, and appearing.

As against the defendant R. C. Newman, judgment is reversed and plaintiff's suit is ordered transferred to a district court of Tarrant County, his residence. As against the corporate defendants, Safeway Stores, Inc., and Hopper & Hawkins, Inc., judgment of the trial court is affirmed.