SAGEBIELS, INC., and U & S Finance Company, Appellants,

v.

Tommy WALKER, Appellee.

No. 12057.

Court of Civil Appeals of Texas, Austin.

Aug. 8, 1973.

Thomas K. Robinson, Houston Munson, Gonzales, for appellants.

E. B. Fuller, Austin, for appellee.

O'QUINN, Justice.

Tommy Walker, a resident of Gonzales County, brought this lawsuit in district court of Travis County, against Sagebiels, Inc., and U & S Finance Company, both defendants being domiciled in Guadalupe County.

The defendants filed pleas of privilege to be sued in Guadalupe County. The trial court in an order entered February 23, 1973, overruled the pleas of privilege, and defendants have perfected their appeal.

As appellants, defendants bring two points of error: (1) It was error to overrule the pleas of privilege because appellee, as plaintiff below, failed to prove as a venue fact that a false imprisonment occurred in Travis County, and (2) appellee failed

to prove that malicious prosecution occurred in Travis County.

We will reverse the judgment of the trial court and render judgment that the cause be transferred to district court of Guadalupe County, the residence of defendants below.

Appellee contends on appeal that venue properly lies in Travis County under subdivision 9 of Article 1995, Vernon's Annotated Texas Civ.Statutes. Subdivision 9 is quoted in full:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile. This subdivision shall not apply to any suit based upon negligence per se, negligence at common law or any form of negligence, active or passive."

Appellee argues that his suit is for "trespass to his person" and that "the two propositions urged by Appellants are elements of trespass."

█ The allegations of appellee's petition clearly classify the action against appellants as one for malicious prosecution. The controversy grew out of a complaint by appellants that appellee had unlawfully removed an electric refrigerator from one county to another with intent to defraud appellants who held a lien against the appliance to secure the unpaid balance on its purchase.

Appellee alleged that appellants procured an indictment against appellee and that "the indictment claims that Plaintiff herein [appellee] removed from Guadalupe County . . . the refrigerator . . . and further that he did so with the intent to defraud the finance [sic]."

The petition further alleged that appellee lived in Caldwell County when the refrig-

erator was purchased and that appellee himself did not remove the property from one county to another. The record shows that the refrigerator was in fact removed from Caldwell County to Gonzales County. Appellee alleged that "the only reason for the indictment being made was in order to collect a civil debt," and that appellants knew or should have known that the complaint made through the office of the district attorney of Guadalupe County "was false and was made with intent to harrass [sic] and injure the Plaintiff and an attempt to collect a civil debt without paying an attorney's fee."

"As a result of the indictment," the petition stated, "the Plaintiff was arrested in Travis County . . . and was required to enter into a bond. He was required to secure legal services to represent him in the criminal case and as a result of the fraudulent, deliberate and totally defective complaint engineered and secured by" appellants actual damages were incurred for "loss of income, attorney's fees, etc."

Appellee also alleged: "Most important the Plaintiff has a criminal record which can never be erased and as such should be entitled to recover damages . . . for compensation for his future loss of income, his mental anguish and the damage to his reputation . . . Furthermore the actions of the Defendant [appellants] are harsh, fraudulent and are made for the purpose of collecting a civil debt and therefore the Plaintiff has been harmed and has suffered a trespass to his person and he should be entitled to collect" an additional sum as exemplary damages.

Appellee did not allege, and makes no complaint on appeal, that the warrant under which appellee was detained in Travis County was without authority. Appellee contends only that four of six essential elements of the indictment resulting from appellants' complaint in Guadalupe County could not have been proved in a criminal proceeding.

A suit for false imprisonment, an action for trespass, may be maintained only when the arrest was made without legal process. In an action for malicious prosecution, where the arrest is made under lawful process, the injured party must proceed against the party who set the process in motion and must allege malice and want of probable cause. Hubbard v. Lord, 59 Tex. 384 (1883); American Motors Finance Co. v. Cleckler, 28 S.W.2d 274 (Tex.Civ.App. Eastland 1930, no writ); Dallas Joint Stock Land Bank of Dallas v. Britton, 134 Tex. 529, 135 S.W.2d 981, 985 (1940); Flores v. Lone Star Fish and Oyster Co., 241 S.W.2d 443, 445 (Tex.Civ. App. El Paso 1951, no writ).

The petition alleged as elements of an action for malicious prosecution, that appellants were instrumental in procuring an indictment of appellee in Guadalupe County, that this action was with malice and without probable cause, and that as a result of the prosecution appellee suffered actual damages and became entitled to punitive damages. No allegation was made that the prosecution was at an end, terminating in favor of appellee. Appellee in his brief states that "the balance due the Appellants was paid" and that "Thereafter the indictment was dismissed." Appellee's wife testified at the hearing on the pleas of privilege that the balance of the account with appellants was paid after appellee "was brought to Court in Guadalupe County," but the record does not reflect what disposition was made of the indictment.

An essential element of a cause of action for malicious prosecution is a showing that the criminal prosecution has terminated favorably to the plaintiff, and only upon such successful termination of prosecution does a cause of action for malicious prosecution arise. Browning v. Pay-Less Self Service Shoes, Inc., 373 S.W.2d 71, 74 (Tex.Civ.App. Austin 1963, no writ); 37 Tex.Jur.2d, Malicious Prosecution, sec. 8, p. 525 (1962); American Motors Finance Co. v. Cleckler, *supra*.

The only cause of action appellee pleaded under the facts was one approaching a suit for malicious prosecution, even though the essential element of favorable termination of the prosecution was omitted. Assuming that the facts would permit amendment of the pleadings to include this element, venue properly lies in the county where the prosecution was initiated by appellants, and not in the county of arrest. The subsequent arrest and imprisonment in Travis County, pursuant to the warrant issued in Guadalupe County, was merely an incident or circumstance attending the prosecution and did not confer venue on the courts of Travis County. Hubbard v. Lord, *supra*; American Motors Finance Co. v. Cleckler, *supra*; Smith v. Rogers, 34 S.W.2d 312 (Tex.Civ.App. Waco 1930, no writ). As already observed, the arrest in Travis County, under the facts of the case, will not support an action for false imprisonment, the arrest having been made under legal process. The arrest did not constitute a trespass on the person of appellee, since it was not made without authority.

Appellee argues that his suit properly lies in the county of arrest, and in this contention relies on Raleigh and Heidenheimer Bros. v. Cook, 60 Tex. 438 (1883). The opinion in that case was written by the same justice who wrote the decision in Hubbard v. Lord, *supra,* and the difference between the two actions was carefully explained. In Raleigh and Heidenheimer Bros. v. Cook the Supreme Court observed, "The present offense is in the nature of a conspiracy, and it is a well settled principle of criminal law that such an offense is deemed to have been committed where any overt act in pursuance of the unlawful combination is performed, by any one of the conspirators, or any other person at their instigation." (60 Tex. 441) Appellee has not pleaded, nor does he otherwise contend, that there was a conspiracy between appellants, or that either of them entered Travis County or sent an agent into Travis County, in furtherance of the prosecution started in Guadalupe County.

Three years after Hubbard v. Lord was decided, the same justice who wrote that opinion was author of the decision in Hilliard and Hilliard v. Wilson et al., 65 Tex. 286 (1886), in which the doctrine of Hubbard v. Lord again was distinguished from the principle applicable to an action involving a conspiracy. In the later case the defendants maliciously and without probable cause sued out a writ of attachment in Galveston County, and, in pursuit of this wrongful prosecution, "combined and confederated with" the sheriff of Burleson County in making an unlawful sale of property under the writ.

The Supreme Court held that suit could be maintained in Burleson County, where the writ was executed. "In making this decision," the Court stated, "we adhere to the rule as laid down in Hubbard v. Lord, that suits for malicious prosecution must be commenced in the county where the process of the law was unjustly and maliciously sued out; and that for a proper and legal execution of such process, according to its mandates, the officer of the law to whom it is directed incurs no liability to the injured party. But if the officer goes further, and, overstepping the bounds of discretion allowed him under the writ, makes use of it to wrongfully and unnecessarily oppress and injure the defendant, he commits a trespass for which a civil action will lie against him. If the plaintiff in attachment instigates or countenances such wrong and oppression,. he becomes a participant in the trespass, and is liable to suit, either in the courts of his residence, or in that in which the proceedings are commenced, or in that in which the trespass by the officer was committed." (65 Tex. 291) The doctrine was applied in Higginbotham v. Mollohan, 77 S.W.2d 257 (Tex.Civ.App. El Paso 1934, no writ).

Appellee by counterpoint contends that his "suit was for trespass to his person." The arrest of appellee in Travis County constitutes the only occurrence, in the sequence of events which began in Guadalupe County, that took place in Travis County. The arrest was on warrant, emanating from Guadalupe County, and the sheriff's execution of the process in Travis County was by proper authority. Under these facts no trespass, within the meaning of subdivision 9, Article 1995, occurred in Travis County.

The authorities appellee relies on are not in point. The doctrine of Safeway Stores, Inc. v. Amburn, 380 S.W.2d 727, 730 (Tex.Civ.App. Fort Worth 1964, writ dsmd.), is simply that threats and duress, although not constituting false imprisonment and trespass to the person, may constitute "trespass on the case" within the scope of subdivision 9, and venue will lie in the county where the threats were made. The principle was recognized earlier in Hubbard v. Lord, *supra,* and American Motors Finance Co. v. Cleckler, *supra.* The holding of this Court in H. E. Butt Grocery Company v. Davis, 451 S.W.2d 559 (Tex.Civ.App. Austin 1970, no writ), is that a corporation, domiciled in Nueces County, whose agents detained and searched a person suspected of shoplifting, acts which constituted a trespass, was properly sued in Travis County where the trespass occurred.

Under the facts alleged in the petition we find no trespass or offense committed by appellants in Travis County. All acts attributed to appellants under the allegations occurred in Guadalupe County, the residence of both appellants.

The judgment of the trial court is reversed, and the cause is remanded with instructions to sustain appellants' pleas of privilege and to transfer the case to the district court of Guadalupe County.

Reversed and remanded with instructions.