**Gordon BANKS, Appellant,**

v.

**Ben MERRITT, Appellee.**

**No. 922.**

Court of Civil Appeals of Texas, Tyler.

May 13, 1976.

Brad Hutchison, Fisher, McLaughlin & Harrison, Paris, for appellant.

Welby Parish, Gilmer, for appellee.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege. Appellant, Gordon Banks, a resident of Lamar County, Texas, sold appellee, Ben Merritt, a resident of Wood County, a Charolais bull. Appellee instituted suit against appellant in Wood County seeking to recover the purchase price of the Charolais bull alleging a breach of warranty and also seeking damages for fraud.

Appellant filed a plea of privilege to be sued in Lamar County, the county of his residence. While appellee alleged in his controverting affidavit that venue was properly laid in Wood County under various exceptions to the venue statute, the only issue on this appeal is whether appellee is entitled to maintain venue in Wood County under Exception 7 of Article 1995, Tex.Rev. Civ.Stat.Ann., relating to fraud and reading as follows:

> "7. In all cases of fraud . . . suit may be brought in the county where the fraud was committed or . . . where the defendant has his domicile."

In order to defeat a plea of privilege based on the expressed exception contained in Subdivision 7, Article 1995, the party relying on the exception has the burden of not only pleading but also proving by a preponderance of the evidence every constituent element of a cause of action for fraud. *Safeway Stores, Inc. v. Amburn,* 380 S.W.2d 727, 729 (Tex.Civ.App.—Fort Worth 1964, writ dism'd). To constitute actionable fraud it must appear: (1) that a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the other party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. Each of these elements must be established with a reasonable degree of certainty and the absence of any one of them will prevent a recovery. *Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas,* 516 S.W.2d 138, 143 (Tex.1974).

Exception 7 of Article 1995 is only applicable where the cause of action is clearly based upon fraud and has no application where fraud is merely incidental to the main cause of action. *Morgan v. Box,* 449 S.W.2d 499 (Tex.Civ.App.—Dallas 1969, no writ); *Stegall v. Lytle,* 360 S.W.2d 898 (Tex.Civ.App.—San Antonio 1962, no writ); *Sowell v. Weisinger,* 228 S.W.2d 574 (Tex. Civ.App.—Beaumont 1949, no writ).

In order to hold venue in the county where the fraud is alleged to have occurred, the fraud must be the gist of the cause of action. *Roddy v. Denton County,* 280 S.W.2d 793 (Tex.Civ.App.—Fort Worth 1955, writ dism'd); *Western Irrigation Co. v. Reeves County Land Co.,* 231 S.W.2d 1011 (Tex.Civ.App.—El Paso 1950, no writ).

Appellant contends that the trial court erred in overruling his plea of privilege because appellee's pleadings and proof conclusively show that his suit is based upon a breach of an express warranty of the fitness of the bull and not for fraud in the inducement of the contract. In passing on appellant's point of error, we must examine the material allegations of appellee's petition, as well as the testimony offered in his effort to overcome appellant's challenge to the venue.

Appellee alleged in his petition that he entered into an oral contract agreeing to purchase the bull in question. He alleged that at the time he agreed to purchase the bull, appellant "guaranteed" the bull to be "potent and fertile." He further alleged that pursuant to said "warranties and rep-

resentations," he paid appellant $6,000 for the bull; that shortly thereafter, he mated the bull with some of his cows only to find that the cows came back in heat without having been bred. Before discussing the remaining allegations, it should be noted that the petition is devoid of any allegations that the foregoing statements were false and that the appellant knew that the bull was not fit for breeding purposes, nor does the petition contain any allegations that such statements were negligently or carelessly made by appellant without knowledge of the facts. The petition further alleges that after appellee discovered that some of his cattle had not been bred, he called appellant and complained to him about the bull. While the pleadings do not show what the appellant did in response to the complaint, the testimony conclusively shows that in response to the complaint appellant, with appellee's consent, went to Wood County and took the bull to Lamar County for the purpose of having it fertility tested by a veterinarian. Appellee further alleged in his petition that after the bull had been fertility tested and had been returned to him he contacted the appellant with regard to the bull and appellant told him that he had taken the bull to a veterinarian and had it fertility tested and that the bull was highly potent and fertile and would continue to service appellee's cows. Further, appellee alleged that at the time appellant warrantied and represented that the bull had been tested by a veterinarian in Lamar County and found to be highly fertile, appellant was, in fact, lying and misrepresenting the facts, all of which appellant knew was a lie; that appellee relied upon the warranties and representations and as a result lost a calf crop. His prayer was for judgment for the purchase price of the animal, as well as for the loss of a calf crop in the amount of $30,000, together with exemplary damages in the amount of $15,000. Nowhere in his pleadings did he offer to return the animal.

Appellee's proof of fraud, consists of appellee's testimony contained in a nine-page statement of facts. He testified that prior to the time he purchased the bull, he asked appellant if the bull would serve the purpose and be able to breed the cows that he had at the time. He testified that appellant assured him that it would and on that "recommendation" he bought it. He further testified that after he discovered that the bull was not breeding his cows he took it to his own veterinarian who told him that the bull tested weak but that it could possibly breed a few cows. The remainder of his testimony substantially follows the factual allegations set forth in his petition and for that reason we will not undertake to summarize the remainder of his testimony.

■ After a careful review of the pleadings and the evidence, we have concluded that appellee's suit and complaint is basically one for damages for breach of the express warranty of fitness contained in the oral contract between the parties, and not a suit for fraud. In arriving at this conclusion we think it is significant that nowhere in appellee's pleadings did he allege that appellant made any false statements to him prior to the time the contract was consummated. On the contrary the fraud made the basis of appellee's complaint appears to have occurred after the consummation of the contract. As we understand appellee's pleadings and testimony, appellee contends that the loss of the calf crop was due to the fact that he relied on appellant's false representation that the veterinarian who tested the bull found it to be strong and capable of breeding. While there are no specific pleadings to that effect, it seems that appellee is contending that but for the false representation that the veterinarian had found the bull to be strong and capable of breeding, appellee would have made arrangements to obtain another bull and would not have lost a calf crop. While there is no evidence showing that appellant actually misrepresented what the veterinarian told him with regard to the bull, even if appellant made a false representation in this regard, such would not be sufficient to constitute actionable fraud.

■ "To constitute actionable fraud, a false representation must have been an in-

ducing cause for entering into the transaction, and must have been made either prior to, or contemporaneously with, the transaction so as to become a part of it. A subsequent representation is not to be considered in determining whether an instrument was obtained by fraud, since a transaction that was originally valid cannot be rendered invalid by a representation made after the transaction was entered into." 25 Tex. Jur.2d, *Fraud and Deceit,* sec. 14, p. 629 (1970). We agree with appellant's contention that the pleadings and the evidence reveal that the main thrust of appellee's lawsuit is not founded on fraud but is essentially a suit for a breach of warranty. The alleged fraud is clearly incidental and collateral to the main purpose of appellee's suit to recover for breach of a warranty and for that reason it cannot be used as a vehicle to establish venue in Wood County under Exception 7 of the venue statute.

The judgment of the trial court overruling appellant Banks' plea of privilege is hereby reversed and judgment entered directing the clerk to transfer the cause to the District Court of Lamar County, Texas.